The People ex rel. James M. C. Tytler, Respondent, *v.* Andrew H. Green et al., as the Board of Revision and Correction of Assessment Lists, Appellants.

The provision of the act of 1852, " to make permanent the grade of the streets and avenues of the city of New York " (§ 3, chap. 52, Laws of 1852), requiring an assessment of damages to the owners of lots fronting on a street or avenue in said city, in all cases where the grade thereof shall be changed, has not been repealed by subsequent legislation; it is applicable, irrespective of the authority changing the grade; and therefore such owners are entitled to damages for a change of grade made by the commissioners of the Central park.

(Argued April 4, 1876; decided April 11, 1876.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, affirming an order granting the issuing of a writ of peremptory mandamus, directed to defendants as the board of revision and correction of assessment lists, in the city of New York, commanding them to meet as such board, and to receive and confirm the

assessment list for regulating and grading One Hundred and Twenty-third street, from Eighth avenue to Mount Morris square, as it shall be received from the board of assessors, without deducting or altering an award for damages made to relator, and directed to the board of assessors of said city, requiring them to meet as a board and, among other things, reduce the assessment upon the lots assessed, by the amount of such award.

It appeared that the relator was the owner of lots fronting on One Hundred and Twenty-third street, upon which was a dwelling; that under the act chapter 52, Laws 1852, a grade was established for said street, and the same was regulated and graded; that the commissioners of the Central park, in 1867, established a new grade for said street, under authority of chapter 564, Laws of 1865, and chapter 367, Laws of 1866, and chapter 697, Laws of 1867, which was regulated and graded in accordance therewith, which new grade damaged relator's premises. That the board of assessors estimated and allowed such damage, and included it in the assessment list, which list was transmitted to the board of revision and correction of asssessment lists; which board adopted a resolution directing the return of the list to the board of assessors, with a request that they omit assessments and awards for damage by reason of change of grades; which list was returned accordingly, and the board of assessors were about to alter and amend the same as directed.

*Hugh L. Cole* for the appellants. In the absence of any statute creating the liability, municipal corporations, acting under legislative authority to grade streets, are not answerable to adjoining land owners for consequential damages to their premises. (*Radcliff's Exrs.* v. *Mayor*, 4 N. Y., 195; *Graves* v. *Olis*, 2 Hill, 466; *Wilson* v. *Mayor*, 1 Den., 595; *Benedict* v. *Goit*, 3 Barb., 459; *In re Furman St.*, 17 Wend., 667; *Callender* v. *Marsh*, 1 Pick., 418.) The statutes under which the grade was changed do not change this rule. (Laws of 1865, chap. 564; Laws of 1866, chap. 367.)

*James A. Deering* for the respondents. The relators were entitled to be paid for the damages done to their premises. (*People ex rel Doyle* v. *Green*, 10 Sup. Ct. R., 775 ; Laws of 1852, chap. 52, § 3; *People ex rel. Ward* v. *Bd. Assrs.*, 49 How. Pr., 405 ; *People ex rel. Lynch* v. *Green*, S. C. Spec. Term, July, 1875 ; *McCullough* v. *Mayor*, 23 Wend., 459 ; *People* v. *Suprs.*, 10 Wend., 363 ; *People* v. *Suprs.*, 16 J. R., 59; Dillon on Mun. Corp., § 688.)

CHURCH, Ch. J. The objection interposed by the board of revision and correction of assessment lists, etc., to confirming the award in favor of the relator for damages sustained by a change of grade of One Hundred and Twenty-second street, is based upon the fact that the change was not made in conformity to the act chapter 52 of the Laws of 1852. By that act, a change of the grade of a street could only be made by the common council, and they were required to publish notice of the same in a specified number of newspapers, procure the written consent of owners, etc. Section 3 of said act requires the assessors to assess the damages to the owner of any lots fronting on the street in all cases when the grade of any street or avenue  *  *  *  shall be changed in whole or in part. By various acts since, the authority to regulate the grade of streets has been conferred upon the Central park commissioners, to be exercised " in such manner as they may deem the public interests may require." (Chap. 564 of the Laws of 1875 ; chap. 367 of the Laws of 1866.)

These acts did not require notice or consent, and the park commissioners could exercise the power conferred without the preliminary steps required by the act of 1852. This is conceded, but it is urged that, as these acts did not provide for awarding damages, that the common-law rule *damnum absque injuria* applies. The act of 1852 is not repealed by these subsequent acts, except by implication, so far as its provisions are inconsistent with them. The provision for assessing damages is general, and is applicable irrespective of the authority which changes the grade, and is as applicable to a

change made by the park commissioners as by the common council. The act (chap. 303, Laws of 1859) also confers general authority upon the board of assessors to make estimates and assessments for improvements authorized by law "for which an assessment can be made." An examination of the various statutes shows that the policy of awarding damages to owners of real estate, caused by a change of grade of streets, has been adopted and for many years established by law in the city of New York, and although the statutory provisions respecting public improvements have so complicated the subject as to render it difficult of understanding, it cannot be supposed that there was an intent to allow such damages to owners on one street and withhold them on another; and before such a result is reached, it should be clearly demonstrated that the requirements of law demand it. Not only is this not done, but we think, taking all the acts together, that it is quite manifest that the relator is lawfully entitled to compensation. In *People ex rel. Doyle* v. *Green* (3 Hun, 755) it was held that owners were entitled to damages for a change of grade of this very street, and the decision was affirmed by this court. It is now claimed that the decision was made under the erroneous impression that One Hundred and Twenty-second street is within the territory described in chapter 697, Laws of 1867, under which it is claimed the assessment was made. However this may be, we entertain no doubt but the decision was right, and that ample authority existed independent of the act of 1867, and if so, it is decisive in this case.

There is another query worthy of suggestion. If the city authorities actually change the grade of a street without complying with all the requisitions of the statute, can the city set up its own neglect, or that of its officers, as a defence to a claim for damages? When a street is raised ten feet in front of a dwelling, rendering egress and ingress impracticable, and the owner demands reparation, can the city say, true, we have injured your property by raising the grade of the street, and the law allows you compensation, but as our agents neglected

some of the preliminary steps, you are not entitled to any redress? It is not needful to pass upon this question. No such neglect appears in this case.

After an examination of the statutes, in this and other cases, relating to public improvements in the city of New York, it seems not inappropriate to suggest that a genuine reform, producing immense benefits, could be effected by a simplification and codification of all the laws on that subject. The interests of the city and of the citizens would be greatly promoted, and their respective rights better protected, and a very large amount of unnecessary and expensive litigation would be prevented.

The order of the General Term must be affirmed.

All concur.

Order affirmed.