Daniels, J.
The assessment was reduced by deducting from the amount assessed upon the property of the petitioner, the proportionate part of the damages allowed to "the owners of property who were injured and sustained' damages by means of the change made in the grade of the street. In the assessment of the expenses of the improvement these damages were included as a part of the amounts to be assessed, ana whether such damages should be allowed as part of the cost or expense of the improvement of the street is the point upon which the disposition of the appeal depends. It was conceded in the case that so much of the street as was located between Broadway and Baxter street *338 had been opened, regulated, and graded, prior to the year 1852, but from that point to Chatham street the grade was not then fixed, or regulated. And it does not appear by the case that even for so much of the street as is between Broadway and Baxter street, that this was done by the authority of the common council. The question, therefore, still remains whether for the improvement which was made, the damages sustained by the owners of property injured by it, could be included as a part of the assessment to be made for the expenses of such improvement. This improvement was made under the authority of chapter 270 of the laws of 1874, which required so much of Worth street as extended from Broadway to Chatham street to be improved, regulated, graded, curbed, guttered, paved, flagged and sewered in accordance with the grades made under and pursuant to the provisions of chapter 570 of the laws of 1871. Under the authority of that act a grade had been adopted for the street and by the later act the improvement directed to be made was conformed to that grade. But it was not expressly provided in the act of 1871, or that of 1874, that any damages should be allowed to the owners of property, which might be caused by the improvement. And chapter 52 of the laws of 1852, providing for the allowance of damages in changes made in the grade of streets was not enacted in such language as to include this particular street. But it was limite-'’ to such streets and avenues south of Sixty-third street as the grades had been fixed and established in by the common council at the time of its passage, and to. such streets and avenues north of Sixty-second street, whose grades should afterwards be fixed or established. But chapter 270 of the laws of 1874 did declare and provide that “all acts and parts of acts now in force in relation to-regulating, grading, curbing, guttering, paving, flagging, and sewering, and otherwise improving streets in the city of New York, and the laying and collecting the assessments for said work, which are not inconsistent with the provisions of this act are.hereby declared to be applicable to this act, the same as if they were incorporated therein.”
It is not entirely clear from this language what all the acts were that the legislature intended to render applicable to this improvement, but as the act of 1852 was an act relating to the grading of streets in the city of New York, it was very probably designed by the legislature, in the use of this language, to apply it to this improvement. The language used was not required for the simple purpose of prescribing what grade should be adopted in the improvement of the street, for by section one of the act of 1874 the grade itself was rendered certain, and that was that it should be the same as had been made, or directed, under *339 the authority of the act of 1871. The peculiar phraseology of the act of 1874 was not needed for the direction or determination of the grade to be accepted and followed, and it could not have been employed for that object. The legislation limited in that manner would be utterly useless and nugatory, and it is to be inferred, therefore, that the legislature intended to apply other legislation to the grading of the street, by the language that was used, besides and beyond that contained in the act of 1871. And no other legislation appears to have been applicable to this work, of within the intention of this language, except that of 1852. That is an act in relation to the grades of streets in the city of New York, and it prescribed the wholesome rule changing the principle of the common law, that when a change of grade should be made, the assessors appointed to estimate and assess the expense should also estimate the loss and damage which each owner of land fronting on such street or avenue will sustain by reason of such change to such lands, or to any improvements thereon. And should
"Make a just and equitable award of the amount of such loss or damage to the owner, or owners of such lands or tenements fronting on such street, or avenue, and opposite thereto, and affected by such change of grade, and the amount of such award shall be included in the expense of such proceeding, and with such expense shall be assessed,” etc.
This law was evidently enacted upon the idea that the grades of the streets and avenues of the city of New York south of Sixty-third street had already been established, and that it was inequitable and unjust to the owners of property fronting upon the street or avenue to change such grade without compensating them for the. damages occasioned by the change. And while this improvement was not within the letter of the act of 1852, it was within the spirit of that legislation, and it was properly made applicable to the improvement by the portion of the act of 1874, which has already been mentioned. What the legislature designed was to prescribe a general system of compensation by the act of 1852, and as an act relating to. the grading of streets, it was by the language' of the act of 1874 made applicable to this improvement. What was said by Church, Ch. J., in People v. Green (64 N. Y., 606), is specially applicable to the present case. It was there said, in the course of the opinion, that “ an examination, of the various statutes shows that the policy of awarding damages to owners of real estate caused by a change of grade of streets, has been adopted and for many years established by law in the city of New York, and although tho statutory provisions respecting public improvements have so complicated the subject as to render it difficult of understanding, it cannot be supposed that *340 there was an intent to allow such damages to owners on one street and withhold them on another, and before such a result is reached it should be clearly demonstrated that the requirements of law demand it.” Id., 009. No such demonstration as this rule requires of the intent to exclude this improvement from the benefit of the act of 1852 appears in this subsequent legislation. But the intent is indicated to render that act applicable to this proceeding as one which is necessarily included in the language employed for the purpose of rendering other statutes applicable in the act of 1814.
The order from which the appeal has been taken should be reversed, with ten dollars costs and also the disbursements, and an order made denying the application of the petitioner.
Macomber and Brady, JJ., concur.