(101 App. Div. 423.)

PEOPLE ex rel. ROTHSCHILD v. MUH et al.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. MUNICIPAL IMPROVEMENTS—CHANGING GRADE OF STREET—LIABILITY TO ABUTTING OWNERS.

Greater New York Charter (Laws 1901, p. 400, c. 466, § 951; Laws 1882, p. 237, c. 410, § 874) provides that there shall be no liability for changing a grade once established by lawful authority, except where the owner of the abutting property has, subsequently to such establishment of grade, built on or otherwise improved property in conformity with such grade, and such grade is changed after such building or improvements have been made. In such case damages occasioned by such change of grade to buildings and improvements shall be ascertained and awarded in connection with and as a part of the expenses of grading, or otherwise improving the street in conformity with the grade as changed. Held, that a property owner is not entitled to damages for a change in the grade of a street where he does not show that his building was erected in conformity to an established grade of street.

2. SAME—REVIEW ON CERTIORARI.

Code Civ. Proc. § 2122, provides that, except as otherwise expressly provided by statute, a writ of certiorari cannot be issued where the determination can be adequately reviewed by an appeal to a court or to some other body or officer. Held, that certiorari does not lie to review the action of the board of assessors of the city of New York in rejecting a claim of a property owner for damages sustained by the change in the grade of a street, which action has been confirmed by the board of revision of assessments, pursuant to Greater New York Charter (Laws 1901, p. 400, c. 466, § 951; Laws 1882, p. 237, c. 410, § 874), as the action of the board of revision in such case is final.

Hatch and O'Brien, JJ., dissenting.

Certiorari, on the relation of David Rothschild, against Robert Muh and others, composing the board of assessors of the city of New York, and Edward M. Grout and others, composing the board of revision of assessments of the city of New York. Writ dismissed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. W. Hottenroth, for appellant.

George L. Sterling, for respondents.

INGRAHAM, J.  The relator seeks to review the action of the board of assessors of the city of New York and the board of revision of assessments, rejecting a claim of the relator for damages by reason of the change of the grade of the Southern Boulevard from East 138th street to Hunt's Point Road, in the city of New York. The petition alleges that the relator is the owner of certain premises on the westerly side of the Southern Boulevard, 98 feet and 1 inch north of East 144th street, improved with a two-story frame building, which was erected prior to the year 1892, when the relator acquired title to the premises; that the said improvements were erected in conformity with the grade of the Southern Boulevard in front of said premises, duly established by law on or about the 21st day of February, 1871; that thereafter, and on or about June 15, 1894, the grade of the said Southern Boulevard was changed, causing a change and elevation in the grade of said street of about 12 feet in front of the petitioner's property; that the relator filed a claim for damages by reason of the said change of grade with the board of assessors; that at a hearing before the board the relator submitted testimony showing the loss and damage sustained by him by reason of the said change of grade in front of the said premises; that on or about the 14th day of October, 1902, the board of assessors made a preliminary report disallowing the relator's claim for damages, and making no award therefor; that this final report was presented to the board of revision and assessment for confirmation, which report was confirmed, and the petitioner's claim for damages finally disallowed.

By the return it appeared that the relator submitted his claim to the board of assessors, who received his testimony, which is annexed to the return; that one of the board of assessors visited the property, and reported to the board that no damages were sustained to the relator's property by reason of the change of grade, whereupon the board of assessors refused to allow the relator's claim; that subsequently the relator filed objection with the board of assessors, a copy of which is annexed to the return; that on or about December 4, 1902, the said proposed assessment, with the objections, were transmitted to the board of revision of assessments; that on December 29, 1903, the proposed assessment, with a list of awards for damages caused by the change of grade and objections, were presented to the board of revision of assessments, and the attorneys for all the parties, including this relator, were then heard, and at a meeting of the board of revision on December 31, 1903, the assessment list, together with a list of awards for damages caused by change of grade, with objections, was taken up, and after consideration the objections against the assessments were

overruled, and the assessment list as amended was confirmed, and the objection of the relator finally overruled.

The evidence annexed to the return shows that the relator was twice examined before the board of assessors—first on the 12th of June, 1902, and again on March 26, 1903—and that it was on this testimony, and a personal inspection of the premises by a member of the board of assessors, that the board acted in rejecting the relator's claim. This application was made to the board of assessors under section 874 of the consolidation act (chapter 410, p. 237, of the Laws of 1882). This provision of the consolidation act was made a part of the present charter, as section 951 of chapter 466, p. 400, of the Laws of 1901. It is conceded that the relator has no claim for the damages sustained in consequence of this change of grade, except such as is given by this section of the charter. That section provides that:

"After the taking effect of this act there shall be no liability to abutting owners for originally establishing a grade; nor any liability for changing a grade once established by lawful authority, except where the owner of the abutting property has subsequently to such establishment of grade built upon or otherwise improved property in conformity with such established grade and such grade is changed after such buildings or improvements have been made. In such cases damages occasioned by such change of grade to such buildings and improvements shall be ascertained and assessed in connection with and as a part of the expense of grading or otherwise improving the street or avenue in conformity with the grade as changed."

Provision is then made for giving public notice when a street is to be regulated and graded according to a new grade, which shall contain a request for all persons claiming to have been injured by the said change of grade to present in writing to the board of assessors their claims, specifying a place where and a time when the said board would receive evidence and testimony of the nature and extent of such injury; that, after hearing and considering the said testimony and evidence, the board of assessors shall make such award for such loss and damage, if any, as it may deem proper; that the amount of the said award shall be included in the assessment for the regulating and grading of the street in question, as part of the expense thereof, and the said award and the proceedings of the assessors in relation thereto shall be subject to review by the board of revision of assessments. Before the board of assessors were authorized to make any award to the relator, he was required to make it appear to the board that the damage which he claimed was such as is specified in this provision of the charter. It is expressly provided that there shall be no liability to abutting owners for changing the grade once established by lawful authorities, except where the owner of abutting property has, subsequent to such establishment of grade, built upon or otherwise improved property in conformity with such established grade. Neither in his notice of claim to the board of assessors, nor in the evidence produced by him before the assessors, did the relator establish that the house upon the property was built after the grade had been established, in 1871. The only evidence is that the relator acquired title to the property in 1892, and the building was then upon the property, and that this building was a two-story frame house, about 20 by 30 feet. There is nothing to show that this building was not erected before the original grade of the

Southern Boulevard was established, in which case, under the express provisions of the section under which the relator claimed, he would not be entitled to damages.

I think, however, that the court is not authorized to review the action of the board of assessors, confirmed by the board of revision of assessments. A writ of certiorari may issue where the right to the writ is expressly conferred or the issue thereof is expressly authorized by a statute, or where the writ may be issued at common law by a court of general jurisdiction. Code Civ. Proc. § 2120. Section 2122 of the Code provides that, except as otherwise expressly prescribed by a statute, a writ of certiorari cannot be issued where the determination can be adequately reviewed by an appeal to a court or to some other body or officer. In Heiser v. Mayor, etc., 104 N. Y. 68, 9 N. E. 866, the question of the right of a person injured by a change of grade of a public street or avenue was before the court. It was there held that before the act of 1872 (page 1726, c. 729), continued by the provisions of the consolidation act and the charter, to which attention has been called, there was no liability, either at common law or by statute, for injuries occasioned by a change of grade in the streets; that the act of 1872 did not purport to create any such liability, except in a mode pointed out and to the extent prescribed by such act; and that the only means of redress to a property owner were those provided for by the act. The board of assessors heard the plaintiff, and determined his claim adversely to him. The statute then provided a method to review this determination by an appeal to the board of revision of assessments. The relator prosecuted this appeal, was heard by the board of revision, and the action of the board of assessors was affirmed. It is not alleged that the provisions of the statute as to notice were not complied with, that the relator was not duly heard, or that there was any fraud or violation of law affecting the result. But it is urged that, upon the evidence, there was an erroneous decision of the relator's claim. The nature of the proceeding and the provision for the payment of an award is a reason why the final determination of the board of revision should be a final adjudication as to the right of the plaintiff to damages for a change of grade. The statute requires the board of assessors to make such an award for such loss or damage, if any, as it may deem proper. It then provides that the amount of said award shall be included in the assessment for regulating and grading the street in question, as a part of the expense thereof, the amount of the assessment is determined by the expense of regulating and grading, and the damage occasioned by the change of the grade; and the officials who determine the cost of the improvement being required to impose an assessment upon the property benefited which will reimburse the city for the cost of the improvement, including the damages caused by the change of grade, the city of New York is required by Laws 1901, p. 401, c. 466, § 953, to pay to the respective parties entitled thereto the amount of such award. The statute then provides a method to review the determination of the board of assessors in determining the questions presented to them,

and a mistake can be corrected so that the cost of the proceedings, including the damages caused by the change of grade, can be assessed upon the property benefited. But when the action of the board of assessors is finally confirmed by the board of revision, there is no method by which an amount subsequently awarded can be assessed upon the property owners; and, if such a proceeding is allowed, the result would be that the city of New York would be held responsible for a mistake of judgment on the part of the assessors in relation to the opening of a public street, with no opportunity afforded to compel those benefited by the improvement to bear the burden. It is clearly the intent of the charter to impose the cost of such an improvement upon the property benefited, and not upon the city. The regulating and grading of a street, while carried out by municipal officers, is not for the benefit of the municipality as a whole. It is a benefit to the property in the neighborhood. And the charter provides that the expenses of such regulating and grading should be borne by a particular property benefited, and not by the whole city. As a part of the necessary expenses of grading a street, the statute has provided for the payment of the damages sustained by abutting property in consequence of a change of grade; but such damages are made a part of the expenses of grading of the street, the amount of which is required to be ascertained and assessed upon the property benefited, by the board of assessors. The right to review the action of the board of assessors in ascertaining the amount to be paid for regulating and grading the street, the damages to the abutting property caused by the change of grade, and the amount of assessment to be imposed, is given to the board of revision of assessments, and a proper review of the action of the board of assessors is thus provided, and it was the intention to make the action of the board of revision final.

I think, therefore, that the writ should be dismissed and the proceedings affirmed, with $50 costs and disbursements.

VAN BRUNT, P. J., concurs. PATTERSON, J., concurs on first ground.

HATCH, J. I am unable to concur with the views expressed by Mr. Justice INGRAHAM in the opinion delivered by him in this case. It is conceded that by virtue of the provisions of section 874 of chapter 410, p. 237, of the Laws of 1882, known as the "Consolidation Act," and by the provisions of section 951 of chapter 466, p. 400, of the Laws of 1901 (being the Greater New York charter, as amended), the relator is entitled to an award of damages if the building owned by him was erected in accordance with the grade of the street as established on or about the 21st day of February, 1871, if he sustained damages by reason of the change in grade of the Southern Boulevard made on or about June 15, 1894. It is said, however, that neither in his notice of claim to the board of assessors, nor in the evidence produced by him before the assessors, did the relator establish that the house upon the property was built

after the grade had been established in 1871; that the only proof upon such subject was that the relator acquired title to the property in 1892, and the building was then upon the property, and that there was nothing to show that such building was not erected before the original grade of the Southern Boulevard was established; and that by reason thereof the relator did not bring himself within the provisions of the statute above referred to. This claim wholly overlooks the statement of the petition wherein it appears that the—

"Improvements were erected in conformity with the grade of the Southern Boulevard in front of said premises, duly established by law on or about the 21st day of February, 1871. Thereafter, and on or about June 15, 1894, the grade of the said Southern Boulevard from East 138th street to Hunt's Point Road was changed by the duly authorized public authorities of the city of New York, causing a change and elevation in the grade of said street of about twelve feet in front of your petitioner's said premises; thereby causing serious and great loss and injury to your petitioner, and damage to his said premises."

In the return made to the writ this allegation is not denied, nor otherwise controverted, in consequence of which such fact is to be taken upon this appeal as established. People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 59 N. E. 770. Such, also, is the necessary effect of the statement contained in the notice presented by the relator to the board of assessors of the city of New York. Therein it is stated:

"That the grade of said street was established by law on the 21st day of February, 1871. That the building erected on said premises was erected prior to the year 1892. That thereafter the grade of the said street was changed on the 15th day of June, 1894."

It is the necessary inference arising from this statement that the building was erected upon the grade as established in 1871, and this is confirmed by the fact that, in the return to the writ, notice of the intended change and regulation of the grade of the street was not given until on or about May 23, 1892; and, as the premises were erected prior to that time, the improvement must have been made in conformity to the established grade of the street in 1871. It necessarily follows, therefore, that, if the relator suffered damage by reason of this change of grade of the street, he has brought himself squarely within the statutes heretofore stated, and became entitled to compensation for damages sustained by the change of grade, and it became the duty of the board of assessors to make the relator an award therefor.

It is said, however, that, even though this be so, nevertheless the determination by the board of revision of assessments is conclusive upon the relator; that no appeal lies therefrom; and that a writ of certiorari is not authorized to review such action. A contrary doctrine was announced in People ex rel. Heiser v. Gilon, 121 N. Y. 551, 24 N. E. 944, and in People ex rel. Village of Brockport v. Sutphin, supra, and People ex rel. Spencer v. New Rochelle, 83 Hun, 185, 31 N. Y. Supp. 592. This court has held that the subject-matter of a determination made by commissioners who were vested with authority, among other things, to award damages for a change of grade under the statutes heretofore referred to, was re-

viewable in this court.   Matter of Mayor (Tiffany Street), 84 App. Div. 525, 82 N. Y. Supp. 852; Matter of Rogers Place, 65 App. Div. 1, 72 N. Y. Supp. 459.   Nothing contained in Heiser v. Mayor, etc., of New York, 104 N. Y. 68, 9 N. E. 866, militates against this view. That was an equitable action brought to vacate an award and assessment on the ground of alleged fraud, and it was held that the evidence was insufficient to establish fraud.   In disposing of the question, the court said:

"Even assuming that this conduct was fraudulently intended, it constituted an irregularity, merely, which was open to review and correction upon certiorari, and afforded no ground for an independent action to assail the award of a judicial tribunal."

The statute, the subject of construction in that case, and also in People ex rel. Heiser v. Gilon, supra, was chapter 729, p. 1726, of the Laws of 1872.   Its provisions are quoted in the case last cited, and in all essential aspects involved the exercise of the same powers by the board of assessors of the city of New York as were required to be exercised under the provisions of the statutes to which we have already called attention.   The power to review such action, therefore, by certiorari, would seem to be clearly established. People ex rel. Tytler v. Greene, 64 N. Y. 606.   By the provisions of section 2140 of the Code of Civil Procedure, the questions to be determined upon a review by a writ of certiorari are stated, so far as important here, to be the following:

"(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination. (5) If there was such proof, whether there was, upon all the evidence, such a preponderance of proof, against the existence of any of these facts, that the verdict of a jury, affirming the existence thereof, rendered in an action of the Supreme Court, triable by a jury, would be set aside by the court, as against the weight of evidence."

In the present case the facts are undisputed.   It appeared before the assessors that the building, when the change of grade was effected, was 12 feet below the level of such grade.   Prior to the change it had been rented in connection with a blacksmith shop, the rent received therefor being $20 a month for some portion of the time, and $10 per month for another portion; that, after it was placed in the hole below the street, the relator was not able to rent it for any purpose or derive any revenue therefrom.   The photographs and the oral testimony clearly establish the situation.   It is true that one of the members of the board inspected the premises but he did not dispute the facts.   His statement was that the building was in a dilapidated and decayed condition, and that the weatherboards were falling off, and it would not hold together to permit raising, all of which was true enough; but it only bore upon the sum to be awarded.   It did not justify arbitrary action upon the part of the board in denying all compensation for the damage suffered.   The loss of rents was the direct result of the change of grade, and because it was small did not authorize the board of assessors to refuse all compensation.   No one can read and examine the record without reaching the conclusion that the action of

the board was purely arbitrary, and for that reason it should not be permitted to stand. It does not answer to say that no relief can be granted to the relator because the original board has been superseded by other members, and because the assessment for the local improvement has been levied. Such facts furnish no answer to a denial of any relief, and the relator should not be deprived of his rights by arbitrary action.

It follows that the determination of the board of assessors and of the board of revision of assessments should be vacated and set aside, and the relator be permitted to present his claim to the existing board of assessors for determination. Fifty dollars costs and disbursements are awarded to the relator.

O'BRIEN, J., concurs.