Hans Triest, Respondent, *v.* The City of New York, Appellant.

1. Streets — Establishing and Changing Grades Thereof in City of New York — Liability of City. Under section 951 of the Greater New York Charter (L. 1901, ch. 466) the city is not liable to abutting owners for originally establishing a grade or for changing a grade once established by lawful authority, except where the owners of the abutting property have, subsequently to such establishment of grade, built upon

or otherwise improved the property in conformity with such established grade, and such grade is changed after such buildings or improvements have been made.

2. WHAT CONSTITUTES THE ESTABLISHING OF THE GRADE OF A STREET. A grade is deemed established by lawful authority where it was originally adopted by the action of the public authorities or where a street or avenue has been used by the public as of right for twenty years, and has been improved by such authorities at the expense of the public or of the abutting owners. A change of grade of a street is not effected by filing a map showing the natural surface grade and a proposed new grade, when it is not adopted by the public authorities or followed by any physical change

3. WHEN ABUTTING OWNER NOT ENTITLED TO DAMAGES FOR CHANGES IN GRADE OF STREET. The owner of property abutting upon a street in a village which became part of greater New York under the charter of 1897, which property was not improved or built upon prior to the establishing of the grade of which complaint is made, is not within the provisions of the statute which entitles him to have his damages ascertained and assessed

4 OMISSION TO GIVE NOTICE OF PROCEEDING, WHEN HARMLESS. An omission to give notice, for the presentation of claims by a person injured by a change of grade, is harmless where the owner had notice to present objections to the assessment roll prepared to defray the cost of such improvement.

5. NECESSITY FOR PROPER FINDINGS. It is the duty of a plaintiff not only to prove his cause of action, but to procure findings sufficient to sustain the judgment rendered.

*Triest* v. *City of New York*, 126 App. Div. 934, reversed.

(Argued November 25, 1908; decided December 15, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 15, 1908, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel (James D. Bell* of counsel), for appellant. The facts found do not support the conclusion of law drawn by the trial judge in favor of the plaintiff, and defendant's exception thereto is well

taken. (*Krekeler* v. *Aulbach*, 169 N. Y. 372; *Miller* v. *N. Y. & N. S. Ry. Co.*, 183 N. Y. 123; *Archer* v. *City of Mount Vernon*, 171 N. Y. 639; *Knowles* v. *Van Wyck*, 176 N. Y. 430; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132; *People ex rel. Ward* v. *Asten*, 6 Daly, 18; *People ex rel. Kurzman* v. *Green*, 7 Hun, 231; *Matter of Smith* v. *Vil. of White Plains*, 67 Hun, 81; *People ex rel. Friel* v. *McAdoo*, 101 App. Div. 155; *Reining* v. *N. Y., L. & W. Ry. Co.*, 128 N. Y. 157.)

*William D. Gaillard* for respondent. The change of grade was wrongful and without authority of law. (L. 1897, ch. 378.) The change of grade being without authority of law, plaintiff is entitled to recover whatever damages his property has sustained. (*Archer* v. *City of Mount Vernon*, 63 App. Div. 287; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 125; *Fuller* v. *City of Mount Vernon*, 171 N. Y. 252; *Stenson* v. *City of Mount Vernon*, 104 App. Div. 17.) Had the city proceeded in accordance with its charter, plaintiff would still have been entitled to recover. (*Matter of Torge* v. *Vil. of Salamanca*, 176 N. Y. 327; *Matter of Greer*, 39 App. Div. 23; *People ex rel. Tytler* v. *Green*, 64 N. Y. 609; *People ex rel. Heiser* v. *Gilon*, 121 N. Y. 557.)

HAIGHT, J. This action was brought to recover damages for the alleged wrongful entering upon Marion avenue between Occident and Cebra avenues, in front of the plaintiff's premises and excavating and changing the existing grade and lowering the level thereof in places from six to eight feet.

It appears from the findings that the plaintiff became the owner of the premises in question on the 9th day of September, 1897, fronting on St. Paul avenue, on which there was erected a dwelling house fifty years ago and that the lands also abutted upon Marion avenue, but no buildings of any kind were erected thereon except a small rustic summer house open at the sides, located upon an elevated piece of ground,

on the southerly corner of the premises bounding on Marion avenue, commanding a prospect and evidently designed to furnish a place for rest or shade ; that the plaintiff had never built any building upon Marion avenue and had never done anything with his property upon that avenue in regard to improving the same.

The Greater New York charter (Ch. 378 of the Laws of 1897) went into effect on the first day of January, 1898, and thereupon Marion avenue, together with the premises of the plaintiff, became a part of the city of New York. The avenue up to 1901 was a common, unpaved, unimproved country road or back street, which had been used as a public highway for more than twenty years without any substantial alteration in the grade thereof, but had not been used by the public as of right for twenty years and been improved by the public authorities at the expense of the public, or of the abutting owners. On the 29th day of October, 1890, a map was filed in the office of the clerk of the village of Edgewater, showing the existing natural surface of Marion avenue in that village, and a proposed new grade therefor averaging from three to four feet lower than the natural surface, but no physical change of grade was made by the village of Edgewater in front of plaintiff's premises, to conform to such new grade, and that Marion avenue as theretofore used was not adopted by the board of trustees of the village by direct official action establishing the grade thereof, and the village at no time ever graded, worked or improved the avenue, or expended any public moneys upon it. On the 14th day of April, 1897, prior to the date on which the plaintiff acquired title to the premises, the board of supervisors of the county, pursuant to the provisions of the County Road Law (Ch. 555 of the Laws of 1890), adopted Marion avenue as a county road, subject to the consent of the trustees of the village of Edgewater, and thereupon the board of trustees of the village on May 4th, 1897, adopted a resolution consenting to the adoption of Marion avenue as a county road, and thereupon said avenue became a county road. On

the 15th day of April, 1902, the board of assessors of the city
of New York gave public notice to the owners of all property
that assessments had been completed and lodged in its office
for examination by all persons interested in the regulating,
grading, etc., with macadam pavement of Marion avenue
from Cebra avenue to Occident avenue, and requesting all
persons whose interests were affected by said proposed assess-
ment, and *who were opposed to the same,* to present their objec-
tions in writing to the secretary of the board of assessors at
a time and place specified, when said objections would be
heard and testimony received in reference thereto.    The
plaintiff did not present objections to the proposed assessment
of his property pursuant to said notice, nor did he, during
the progress of the work of grading and macadamizing
Marion avenue, or at any time prior to the commencement of
this action, make any formal or other protest against the exe-
cution of the work of reconstruction of the avenue.    Neither
the plaintiff nor the defendant made any application to the
court for the appointment of commissioners to ascertain and
determine the amount of damages sustained by the plaintiff
by reason of the change of the grade complained of, pursuant
to chapter 113 of the Laws of 1883.

Section 951 of the Greater New York charter, as amended
by chapter 466 of the Laws of 1901, provides as follows :

" All cases where a change of grade of any street or ave-
nue has been made prior to the taking effect of this act, shall,
as to the liability to make compensation for damages caused by
such change of grade, be governed by the laws in force at the
time such change of grade was made.    After the taking effect
of this act there shall be no liability to abutting owners for
originally establishing a grade ; nor any liability for changing
a grade once established by lawful authority, except where
the owner of the abutting property has subsequently to such
establishment of grade built upon or otherwise improved the
property in conformity with such established grade, and such
grade is changed after such buildings or improvements have
been made.    In such cases damages occasioned by such change
            34

of grade to such buildings and improvements shall be ascertained and assessed in connection with and as a part of the expenses of grading or otherwise improving the street or avenue in conformity with the grade as changed. A grade shall be deemed established by lawful authority within the meaning of this section where it was originally adopted by the action of the public authorities, or where the street or avenue has been used by the public as of right for twenty years and been improved by the public authority at the expense of the public or of the abutting owners. All laws inconsistent herewith are hereby repealed. In case the grade of any such street shall be changed, and the same shall have been regulated and graded according to the new grade, after the certificate of the cost of such regulating and grading shall have been received by the board of assessors, it shall be the duty of the said board to cause to be published in the ' City Record ' and the corporation newspapers, for at least ten days successively, a notice which shall contain a request for all persons claiming to have been injured by the said change of grade to present, in writing, to the secretary of the board of assessors, their claims, specifying a place where and a time when the said board will receive evidence and testimony of the nature and extent of such injury. After hearing and considering the said testimony and evidence the board of assessors shall make such awards for such loss and damage, if any, as it may deem proper. The amount of the said awards shall be included in the assessment for the regulating and grading of the street in question, as a part of the expense thereof, and the said award, and the proceedings of the assessors in relation thereto, shall be subject to review by the board of revision of assessments."

It will be observed that, under the first clause of this statute, where a change of grade of a street or avenue has been made prior to the taking effect of this act, the liability to compensation for damages sustained by such change of grade is governed by the laws in force at the time such grade was changed. The provisions of this section were not changed by the revision of 1901, but remained the same as

originally enacted in the Greater New York charter of 1897. As we have seen from the findings referred to, there was no change in the grade of the avenue until after the provisions of this statute became of force, and it consequently follows that the liability to make compensation for damages sustained by change of grade is governed by the provisions of this statute and not by that previously existing for the village of Edgewater or for county roads. It will further be observed that, under the provisions of this statute, a grade shall be deemed established by lawful authority where it was originally adopted by the action of the public authorities, or where the street or avenue has been used by the public as of right for twenty years and has been improved by the public authorities at the expense of the public, or of the abutting owners, and that all laws inconsistent herewith are hereby repealed. By again referring to the facts, as found, it will be recalled that, while the public authorities of the county, and of the village, in 1897 adopted Marion avenue as a county road they did not establish or fix any grade therefor, nor was there any grade ever officially established prior to the improvement complained of, unless it was established by acquiescence, and upon that subject we have the finding that, although it had been used as a public highway for more than twenty years it was not used by the public as of right for twenty years and had not been improved by the public authorities, at the expense of the public, or of the abutting owners. It is, therefore, apparent that, under the provisions of this statute, there was never any grade established for Marion avenue prior to 1901. There was an attempt made in October, 1890, to establish a grade. As we have seen, a map was filed showing the natural surface and the proposed new grade but the village of Edgewater, through its board of trustees, failed to adopt the grade so established and did not physically change the grade as it had theretofore existed. It, consequently, follows that the filing of the map did not operate to establish a grade of the avenue. It will further be observed that, after the taking effect of this act, there shall be no lia-

bility to abutting owners for originally establishing a grade,
nor any liability for changing a grade once established by
lawful authority, except where the owners of the abutting
property have, subsequently to such establishment of grade,
built upon or otherwise improved the property in conformity
with such established grade and such grade is changed after
such buildings or improvements have been made. As we
have seen, there has been no establishing of grade until
that for which this action was brought. The establishing of
the grade then made was the original grade, and under the
express provision of the statute no damages are recoverable
for the establishing of an original grade. Again, as we have
seen, the plaintiff has never built upon or otherwise improved
his property upon Marion avenue prior to the establishing of
the grade for which he here complains. It, consequently, fol-
lows that he has not brought himself within the provisions of
this statute under which he is entitled to have his damages
ascertained and assessed.

The contention is further made on behalf of the plaintiff
that there was a defect in the proceedings on the part of the
city, by which Marion avenue was improved and that by rea-
son of such defect the change of grade was wrongful and
without authority in law and that, consequently, he may recover
damages notwithstanding the provisions of the statute. The
difficulty with this contention is that there is not a finding of
a single fact tending to show that the proceedings were defec-
tive in any particular. There is the finding that, during the
year 1901, the defendant wrongfully and without authority in
law entered upon said Marion avenue and excavated and
changed the grade. The finding that it entered wrongfully
and without authority in law is purely a conclusion depend-
ing upon the facts found with reference to the proceedings
under which the change was made. These are not set forth
and no findings were made thereon under which we can deter-
mine whether the entry was wrongful and without authority.

The trial court did find as a fact that, after the commission
of the wrongful acts aforesaid, the defendant neglected to

publish the notice required by section 951 of its charter for
the presentation of claims by persons claiming to have been
injured by a change of grade; and that said defendant took
no steps whatever to comply with its duty in that regard or
to reimburse or compensate the plaintiff for the damages sus-
tained by him.    The answer to this finding is that under
the express provisions of the statute the notice for the
presentation of claims, etc., is only required in cases where the
grade of the street has been changed, regulated and graded
according to the new grade.    It consequently follows that the
notice is not required where the only change is the establishing
of an original grade.    In this case, as we have seen, no grade of
the avenue had ever been established until that for which this
action was brought.    And it further appearing that no build-
ings had ever been constructed by the plaintiff upon the ave-
nue according to any grade that had been established, it fol-
lows that the notice referred to was not required in this case.

While the foregoing findings, to which we have referred,
fail to show any defect in the proceedings, our attention is
called to the evidence for the purpose of showing that the pro-
ceedings, under which the improvement of the street was made,
were unauthorized.    It appears that the proceedings were
instituted by a petition of taxpayers, residents on Marion ave-
nue, who respectfully directed the attention of the local board
of the borough of Richmond and the department of highways
for the city of New York to the unimproved condition of the
avenue and asked that the improvement of the said street
and highway by macadamizing the same be made.    This is
signed by a number of taxpayers, but not by the plaintiff.
This petition was delivered first to the local board of the
borough, and at a meeting of that board the following
resolution was unanimously adopted: "Resolved, that the
local board, first district, Borough of Richmond, the City
of New York, hereby recommends to the Board of Public
Improvements, that proceedings be initiated to macadamize
Marion avenue in the second ward of the Borough."    There-
upon, the matter was brought before the municipal assembly,

which passed the following resolution : " Resolved by the Board of Public Improvements that, in pursuance of sections 413 and 422 of the Greater New York Charter the macadamizing of Marion avenue in the second ward of the Borough of Richmond under the directions of the commissioner of highways be and the same hereby is authorized and approved, there having been presented to said board an estimate in writing of such detail as the said board has directed of the cost of the proposed improvement and a statement of the assessed value according to the last preceding tax roll of the real estate included within the probable area of assessment, the estimated cost of said work being $2,000." Thereupon an assessment roll appears to have been prepared and the public notice given, in which it is stated that the assessment roll had been prepared for the *regulating the grade and paving with macadam pavement Marion avenue* and inviting all persons interested or who were opposed to present their objections as already stated. It will be observed that by this notice each person interested is given the opportunity to appear and oppose not only the proposed assessment roll, but to oppose the improvement that is to be made for which the roll had been prepared. The plaintiff, therefore, was given an opportunity to be heard upon the subject, but as we have seen from the findings he neglected to appear or to make any objections whatever, even upon the day fixed for hearing such objections by the assessors or at the time the work was actually done upon the street. This notice specifically called his attention to the fact that the assessment was for regulating, grading and paving, and yet he remained silent. Whether a notice was given of the presentation of the petition to the local board we are not advised by the evidence, and as we have seen there is no finding upon the subject. It was the duty of the plaintiff to not only prove his cause of action, but to procure findings which would sustain the judgment rendered, and if his right to recover depends upon his showing that the proceedings instituted by the city did not conform to the statute, he should have caused that fact to appear in the findings. But assuming for the sake

of the argument that there was a failure on the part of the officials of the city to give such notice, it is not apparent that the plaintiff was harmed thereby. The plaintiff did have timely notice in which he could have opposed the grading of the avenue in front of his premises. He was invited to offer objections to the assessment roll before the work had been done, but he did not appear to oppose. Neither did he appear to object when the work was actually being done upon the avenue. We are, therefore, of opinion that if there was an omission to give this notice, it was an irregularity merely, and does not operate to give the plaintiff the right to recover in a case in which he would have had no claim for damages had the statute been complied with.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.