CHARLES MAYER, Respondent, v. THE CITY OF NEW YORK,
Appellant.

STREETS — ESTABLISHING AND CHANGING GRADE IN NEW YORK CITY
— LIABILITY OF CITY. When a grade was established by user on a public
street or highway and buildings were constructed thereon before a change
of that grade, the rights of the parties are to be determined by the
County and Village Law in force and not by section 951 of the Greater
New York charter. (L. 1897, ch. 378.)

2. EFFECT OF FAILURE TO GIVE NOTICE REQUIRED BY STATUTE. Under
such laws an abutting owner was entitled to have his damages ascertained
and determined, and persons affected by the change are deprived of that
right by the failure of the authorities to give notice required by statute.

*Mayer* v. *City of New York*, 127 App. Div. 926, affirmed.

(Submitted November 30, 1908; decided December 15, 1908.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
July 1, 1908, affirming a judgment in favor of plaintiff

entered upon a decision of the court at a Trial Term, a jury having been waived.

This action was brought to recover damages alleged to have been sustained by reason of an illegal change of grade of a certain street in the former village of Edgewater, now borough of Richmond, city of New York.

The facts, so far as material, are stated in the opinion.

*Francis K. Pendleton,* Corporation Counsel *(James D. Bell* of counsel), for appellant. The facts found do not support the conclusion of law drawn by the trial judge in favor of the plaintiff, and defendant's exception thereto is well taken. *(Krekeler* v. *Aulbach,* 169 N. Y. 372; Code Civ. Pro. § 1003; *Hilton* v. *Ernst,* 161 N. Y. 226; *Sweet* v. *Henry,* 175 N. Y. 268; *Jacobson* v. *B. L. Co.,* 184 N. Y. 152; *Amherst College* v. *Ritch,* 151 N. Y. 321; *People ex rel. M. R. Co.* v. *Barker,* 152 N. Y. 135; *Archer* v. *City of Mount Vernon,* 171 N. Y. 639; *Knowles* v. *Van Wyck,* 176 N. Y. 430; *Smith* v. *B. & A. R. R. Co.,* 181 N. Y. 132; *People ex rel. Ward* v. *Asten,* 6 Daly, 18.)

*William D. Gaillard* for respondent. Under chapter 113 of the Laws of 1883, incorporated into the General Village Law as section 159a, plaintiff was entitled to damages caused by change of grade, and such right was not lost by consolidation. *(Archer* v. *City of Mount Vernon,* 63 App. Div. 292; *Matter of Greer,* 39 App. Div. 23; *People ex rel. Tytler* v. *Green,* 64 N. Y. 609.)

HAIGHT, J. This case was submitted in connection with that of *Triest* v. *City of New York* (193 N. Y. 525), in which we have written an opinion reaching the conclusion that the judgment in that case should be reversed, but in this case the findings are very different. The plaintiff's premises were located on Catlin avenue, which was found not only to be a public street and highway, but that there had been a grade established by user, and that the plaintiff had constructed three buildings abutting upon the avenue, conforming to such

grade before the change of grade of 1897 was made. It appears that in that year a change of grade was authorized and the contract let for the making of the same before the Greater New York charter went into effect. We are, therefore, of the opinion that, in that case, the rights of the parties are to be determined by the County and Village Law in force, and not by section 951 of the Greater New York charter; for, under the provisions of that act, " all cases where a change of grade of any street or avenue has been made prior to the taking effect of this act, shall, as to the liability to make compensation for damages caused by such change of grade, be governed by the laws in force at the time such change of grade was made." That being the case, the further provision of section 951 to the effect that " a grade shall be deemed established by lawful authority within the meaning of this section where it was originally adopted by the action of the public authorities, or where a street or avenue has been used by the public as of right for twenty years and been improved by the public authority at the expense of the public or of the abutting owners," has no application. Under the laws then in force the plaintiff had the right to have his damages ascertained and determined, but he was deprived thereof by reason of the failure of the authorities to give the notice required by the statute. It consequently follows that, in this case, the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.