(74 Misc. Rep. 166.)

PEOPLE ex rel. FLAXMAN v. HENNESSY et al., Board of Assessors of City of New York.

PEOPLE ex rel. MASSOLLES et al. v. SAME.

(Supreme Court, Special Term, Kings County. November, 1911.)

1. MUNICIPAL CORPORATIONS (§ 385*)—CHANGE OF GRADE—RIGHT TO COMPENSATION.

To entitle an abutting owner to damages for a change of grade of a street, under Greater New York Charter (Laws 1901, c. 466) § 951, unless the grade has been adopted by the public authorities, use by the public as of right for 20 years and improvement at expense of the public or of the abutting owners must concur, and these requirements are not done away with by provisions of section 441.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

2. MUNICIPAL CORPORATIONS (§ 385*)—CHANGE OF GRADE—RIGHTS OF ABUTTING OWNER.

An abutting owner on a street or avenue where the grade has been established by use and improvement by public authorities is not entitled to damages based on a claim of improvement made during the 20 years of such user.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

Applications by the People, on the relation of Louis Flaxman, and on the relation of Frederick Massolles and Katherina Massolles, for writs of mandamus against Joseph P. Hennessy and others, Board of Assessors of the City of New York, to assess the damages on the land and buildings of relators. Denied.

Orders affirmed (134 N. Y. Supp. 1142, 1143).

John R. McMullen and Lawton B. Garside, for relators.
Archibald R. Watson, Corp. Counsel (Charles J. Nehrbas, Asst. Corp. Counsel), for respondents.

KAPPER, J. A right to damages caused to abutting property by reason of a change of grade of the street did not exist at common law. The remedy "must be that, and that only, which the Legislature shall give." See Sauer v. City of New York, 180 N. Y. 32, 72 N. E. 580, 70 L. R. A. 717. The only legislation affording such remedy

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the city of New York is contained in the Charter (Laws 1901, c. 466) § 951, which, so far as is here material, provides as follows:

"After the taking effect of this act there shall be no liability to abutting owners for originally establishing a grade; nor any liability for changing a grade once established by lawful authority, except where the owner of the abutting property has *subsequently to such establishment of grade* built upon or otherwise improved the property in conformity with such established grade, and such grade is changed after such buildings or improvements have been made. * * * A grade shall be deemed established by lawful authority *within the meaning of this section* where it was originally adopted by the action of the public authorities *or where the street or avenue has been used by the public as of right for twenty years and has been improved by the public authority at the expense of the public or of the abutting owners.*"

[1] The relators, whose buildings were erected before the streets in question had been used for 20 years, contend that, where a grade of a street or road has been used for twenty years in its natural state and conformity, its establishment then becomes a legal as well as a physical fact, and that a subsequent change by the authorities entitles the abutter to damages, irrespective of the time when he built upon his land, whether during or after the 20-year period. No authority is cited in support of this proposition, and such cases as appear to have construed the charter section in question hold to the contrary. Triest v. City of New York, 193 N. Y. 525, 86 N. E. 549; People ex rel. Rothschild v. Muh, 101 App. Div. 423, 426, 92 N. Y. Supp. 22, affirmed 183 N. Y. 540, 76 N. E. 1105.

In the Triest Case, supra, it was held (as per syllabus) that:

"Under section 951 of the Greater New York Charter (L. 1901, c. 466) the city is not liable to abutting owners for originally establishing a grade or for changing a grade once established by lawful authority, except where the owners of the abutting property have, subsequently to such establishment of the grade, built upon or otherwise improved the property in conformity with such established grade, and such grade is changed after such buildings or improvements have been made."

And in the Rothschild Case, supra, because the abutter's building was not erected before the original grade was established, the conclusion was reached that he was precluded from any right to damages by the express words of the statute which limited awards to owners who, subsequently to the establishment of the grade, built upon or otherwise improved their property in conformity with such established grade.

[2] The relators, however, claim that section 441 of the charter was not considered in the cases cited and should now be read in connection with section 941; and that, when so read, the grade of the street is deemed "to have been" established from the beginning of a user continued for 20 years. Section 441 reads:

"Whenever any street in the city of New York shall have been used as such for upwards of twenty years without having the grade thereof established by law, the level or surface of such street shall be deemed to be and to have been the grade thereof."

No doubt different statutes treating of the same subject-matter should be harmonized and effect given to all, so far as practicable; but the difficulty, if any, here is that the right to damages for a change of grade is given solely by section 951, and that section clearly states

just when a change of grade is to be deemed established for the purposes of an award by the assessors "within the meaning of this section" (section 951), and not within the meaning of section 441. This construction is supported, I think, by Matter of Mayor, 106 App. Div. 133, 136, 94 N. Y. Supp. 110, 112, where it was said that damages in proceedings to change a grade are "to be determined in the manner provided by said title 2 by the board of assessors." Title 2 referred to is that title of the charter which contains section 951, but not section 441.

The cases were argued by both sides on the theory that a simple 20-year user was sufficient to establish a grade, although, as before stated, the claims of the relators are based upon their improvement of their property during, and not after, the 20 years. The statute to my mind does not admit of even that construction, for it reads that a grade shall be deemed established by lawful authority within the meaning of the section:

"Where the street or avenue has been used by the public as of right for twenty years and been improved by the public authority at the expense of the public or of the abutting owners."

The two things, user for 20 years and improvement by the public authority at public expense or the expense of the abutters, must concur before it can be said that there has been an establishment by user.

The motions in reality seek to obtain by judicial decision a change in the statute of the words, "subsequently to such establishment of grade," so as to read, "during the establishing of the grade;" and the theory of the request is that a reading of the phrase as it stands works such a hardship upon a property owner, who has built upon his land before the grade of the street upon which he abuts has been duly established, as to demand a more pliant reading and one which will give him compensation for his injury the same as one building "subsequently." While there may be little or no reason for the distinction between the two classes of abutters, I do not see how I can read the statute other than its plain terms demand. The statute is free from obscurity; and, where that is the case, the fact that hardship results from its plain reading does not warrant an appeal from legislative to judicial discretion. Statutes which are plain and explicit are not not to be qualified by construction on the mere ground that the court deems the legislation unwise or indiscreet. Hyatt v. Taylor, 42 N. Y. 258, 260.

The motions must be denied; but, as the moving papers aver that the board of assessors have, on previous occasions, construed the statute as the relators on these motions contend it should be construed, no costs will be allowed.

Motions denied.