■ BARNEY MANZO, Respondent, v. JOSEPH MANZO, Appellant.— Appeal from an interlocutory judgment adjudging respondent to be the sole owner of a business operated under appellant's name and directing that an accounting be had before an Official Referee. Judgment reversed, with costs, and a new trial granted. The court found as a fact that respondent and appellant "came to an oral agreement for the joint undertaking of a refuse collection business in the City of New York." The first conclusion of law that respondent is the sole owner of the business is inconsistent with this finding, and neither it nor the judgment is supported by the other findings. Consequently the judgment cannot stand. (*Dougherty* v. *Lion Fire Ins. Co.,* 183 N. Y. 302.) It is the duty of the prevailing party to procure findings sufficient to sustain the judgment (*Triest* v. *City of New York,* 193 N. Y. 525) and if findings are inconsistent the appellant is entitled to the benefit of those most favorable to him (*Whalen* v. *Stuart,* 194 N. Y. 495). Although findings are no longer essential, the decision

in this case does not purport to state the essential facts on which the judgment is based, as is required by section 440 of the Civil Practice Act. Nolan, P. J., Wenzel, Schmidt, Murphy and Ughetta, JJ., concur.