The People of the State of New York ex rel. The Delaware, Lackawanna and Western Railroad Company, Appellant, *v.* The County Court of Onondaga County, et al., Respondents.

Certiorari — Order Laying out Highway — Appeal. · A writ of certiorari brought to review an order of a County Court affirming a report of commissioners for the laying out of a highway, on the ground of alleged irregularities in the proceedings affecting the power and jurisdiction of the County Court, is properly dismissed under sections 2121, 2122 of the Code of Civil Procedure, as the decision in regard to such questions may be reviewed on appeal.

*People ex rel. D., L. & W. R. R. Co.* v. *County Court,* 4 App. Div. 542, affirmed.

(Argued March 1, 1897 ; decided March 9, 1897.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 24, 1896, which dismissed a writ of certiorari and all proceedings based thereon.

The facts, so far as material, are stated in the opinion.

*Benjamin Stolz* and *George McGowan* for appellant. Although under section 89 of the Highway Law the decision of the County Court upon a motion to confirm the report of the commissioners appointed to determine upon the necessity of laying out a highway shall be final, such decision can be reviewed by a writ of certiorari. (L. 1890, ch. 568, §§ 82, 83,

84; Spelling on Extra. Relief, § 1921; *Lawton* v. *Comrs. of Cambridge*, 2 Caines, 179; 1 R. L. 589, § 2; *Le Roy* v. *Mayor, etc.*, 20 Johns. 430, 438; *Ex parte Mayor, etc.*, 23 Wend. 277, 287; *Ex parte Heath*, 3 Hill, 42, 52; *In re Canal & Walker Streets*, 12 N. Y. 406; *People ex rel.* v. *Freeman*, 3 Lans. 148; *People ex rel.* v. *Canal Board*, 7 Lans. 220; *In re K. B. Road*, 4 Hun, 599, 602; *People ex rel.* v. *Andrews*, 52 N. Y. 445; *Murfree* v. *Leeper*, 1 Overton [Tenn.], 1.)

*F. B. Gill* for respondents.   The appellant has mistaken its remedy.   Its remedy, if any, is by appeal and not by certiorari.   The right to issue a writ of certiorari in such cases is expressly prohibited.   (Code Civ. Pro. §§ 2120, 2148, 3333, 3334; *People ex rel.* v. *Stilwell*, 19 N. Y. 531; *People ex rel.* v. *Comrs., etc.*, 103 N. Y. 370; *People ex rel.* v. *Police Comrs.*, 82 N. Y. 506; *People ex rel.* v. *Tax Comrs.*, 85 N. Y. 655; *People ex rel.* v. *Hill*, 53 N. Y. 547; *Beardslee* v. *Dolge*, 143 N. Y. 160; *People ex rel.* v. *Tucker*, 19 N. Y. S. R. 903; *People ex rel.* v. *Thayer*, 88 Hun, 136.)   The decision of the County Court is final and cannot be reviewed either by appeal or certiorari.   (L. 1890, ch. 568, § 89; *N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *In re Canal & Walker Streets*, 12 N. Y. 406; *In re Comrs. Central Park*, 50 N. Y. 493; *People ex rel.* v. *Betts*, 55 N. Y. 600; *In re M. E. R. Co.*, 128 N. Y. 600; *In re S. B. R. R. Co.*, 141 N. Y. 532; *In re Swan*, 97 N. Y. 492; *In re Taylor & Allen*, 8 App. Div. 395; *In re De Camp*, 77 Hun, 478.)

Bartlett, J.   The writ was directed to the County Court of Onondaga county, to review an order made by that court affirming the report of commissioners to determine upon the necessity of laying out a highway in the town of Geddes, through the lands of the relator, in which they found it was necessary to open the highway and take the relator's land therefor.

The appellant claims that, notwithstanding the fact that section 89 of the Highway Law (Ch. 568, Laws 1890; amended, ch. 686, Laws 1892) declares that the determination of the

County Court upon the report of the commissioners shall be final, it is entitled to a review under the writ of certiorari, by reason of certain alleged irregularities in the proceedings, which affected the power and jurisdiction of the County Court in the premises.

This proceeding does not appear to have been considered by the Appellate Division upon the merits, but the writ was dismissed for the reason that appellant's remedy, if any, was by appeal from the order of the County Court.

Section 2121 of the Code of Civil Procedure provides as follows: " A writ of certiorari cannot be issued, to review a determination, made, after this article takes effect, in a civil action or special proceeding, by a court of record, or a judge of a court of record."

Section 2122 reads : " Except as otherwise expressly prescribed by a statute, a writ of certiorari cannot be issued, in either of the following cases :   *   *   *   2. Where the determination can be adequately reviewed, by an appeal to a court, or to some other body or officer."

This court has very recently decided in the case of *Matter of De Camp* (151 N. Y. 557) that while section 89 of the Highway Law makes the decision of the County Court final as to the question of the necessity of the proposed highway and the compensation of the landowner, yet its decision may be reviewed on appeal as to questions affecting the power and jurisdiction of the County Court.

In the case at bar the appellant insists that the petition is defective ; that the court had no power to appoint either set of commissioners ; that this and other defects deprived the court of jurisdiction.

In view of the statutes and decision cited we are of the opinion that the appellant mistook its remedy in the premises, and the writ of certiorari and all the proceedings based thereon were properly dismissed.

The order should be affirmed, with costs.

All concur.

Order affirmed.