PEOPLE ex rel. WALRATH v. O'BRIEN et al., City Com'rs of Education.

(Supreme Court, Appellate Division, Third Department. March 22, 1906.)

CERTIORARI — DETERMINATIONS REVIEWABLE — REMOVAL OF PRINCIPAL OF SCHOOLS.

> Laws 1902, p. 1343, c. 560, provides that in certain cities of the second class all principals of schools shall be removable only for cause and after a hearing. Laws 1894, p. 1278, c. 556, tit. 14, provides that any person feeling himself aggrieved by any official act under any statute pertaining to public schools may appeal to the superintendent of public instruction, or, as modified by Laws 1904, p. 94, c. 40, to the commissioner of education. Code Civ. Proc. § 2122, provides that, except as otherwise expressly provided, certiorari cannot be issued where the determination can be adequately reviewed by appeal. *Held,* that a determination removing a principal in a second-class city, to which Laws 1902, p. 1343, c. 560, applies, can be reviewed by appeal to the commissioner of education, and hence certiorari will not lie to review it.

> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, §§ 4–6.]

Appeal from Special Term, Rensselaer County.

Certiorari by the people, on the relation of Martin H. Walrath, against Frank E. O'Brien and others, as commissioners of education of the city of Troy, to review an order removing relator from his position as superintendent of schools. From an order quashing the writ, relator appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Ransom H. Gillet, for appellant.
George B. Wellington, Corp. Counsel, for respondents.

COCHRANE, J. The purpose of this proceeding is to review the action of the respondents, composing the board of education of the city of Troy, in removing the relator from his position as principal of the high school in said city, which position he held from about March 1, 1897, until the time of his removal by the respondents as aforesaid, which occurred in December, 1905. By chapter 560, p. 1343, of the Laws of 1902, which applies only to some of the cities of the second class, including the city of Troy, it is provided, among other things, that:

"All principals shall hold their positions during good behavior and shall be removable only for cause, after a hearing, by the affirmative votes of at least a majority of the board of education."

The petition of the relator herein shows that charges were preferred against him to the board of education, that a hearing on such charges was accorded to him by said board, and that after such hearing he was removed as aforesaid. Such hearing constituted a trial, and the action of the board in removing the relator from his position was a decision that such charges were properly made and that they constituted just cause for his removal. The relator, feeling himself aggrieved by such decision, seeks by this proceeding to have it reviewed by the court.

Title 14 of the consolidated school law (chapter 556, p. 1278, of the Laws of 1894) provides that:

"Any person conceiving himself aggrieved in consequence of any * * * official act or decision concerning any other matter under this act or any other act pertaining to common schools may appeal to the superintendent of public instruction who is hereby authorized and required to examine and decide the same; and his decision shall be final and conclusive and not subject to question or review in any place or court whatever."

By the same title the superintendent of public instruction is given power in reference to such appeals to make all orders which may in his judgment be proper or necessary to give effect to his decisions. Chapter 40, p. 94, of the Laws of 1904, abolishes the office of superintendent of public instruction, but provides that the powers and duties of his office shall be exercised and performed by the commissioner of education therein provided for, so that appeals may now be taken to the commissioner of education in the same cases where before the enactment of the last-mentioned statute such appeals might have been taken to the superintendent of public instruction.

The relator herein concedes that the public schools of Troy, including the Troy high school, are common schools, and that chapter 560, p. 1341, of the Laws of 1902, above referred to, relating to cities of the second class, including the city of Troy, is an act pertaining to common schools. It thus appears that the relator, if aggrieved, may have complete and ample redress by an appeal to the commissioner of education, and, as no statute to which we are referred authorizes a writ of certiorari in a case like this, section 2122 of the Code of Civil Procedure applies, which so far as pertinent to this case is as follows:

"Except as otherwise expressly prescribed by a statute, a writ of certiorari cannot be issued * * * where the determination can be adequately reviewed by an appeal to a court or to some other body or officer."

The determination of the board of·education which the relator complains of can be adequately reviewed by the state commissioner of education, and hence the relator is not at liberty to avail himself of a writ of certiorari, and the order quashing such writ, which had previously been allowed, was properly granted.

The order must be affirmed, with $10 costs and disbursements. All concur.