THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE TOWN OF HEMPSTEAD et al., Respondents, *v.* STATE BOARD OF TAX COMMISSIONERS et al., Respondents.

TOWN OF OYSTER BAY et al., Intervenors, Appellants.

Certiorari — Appellate Division has no power in certiorari proceedings to review action of state board of tax commissioners to reverse determination of board, decide disputed questions of fact and grant final judgment upon the facts found.

1. A certiorari to review a determination of the state board of tax commissioners, heard in the Appellate Division, is neither an appeal from a judgment or an order but an original proceeding in that court. Such a hearing is not governed by, nor is it within the terms of, section 1317 of the Code of Civil Procedure. (*Lamport* v. *Smedley*, 213 N. Y. 82, distinguished.)

2. The authority and powers of the Appellate Division in certiorari proceedings, to review determinations of the state board of tax commissioners, are expressly limited and defined by sections 2140 and 2141 of the Code of Civil Procedure. Section 2140 regulates the jurisdiction of the court in respect to the questions to be reviewed

and section 2141 the mode in which its determination may be declared and its judgment made effectual, and authority is not given to the court by these sections to determine disputed questions of fact involving the rights of the parties or to grant final judgment upon the facts so found by it.

3. Where upon an appeal by a town from a determination of the board of supervisors of a county, fixing the tax valuations of the several towns of the county, the state board of tax commissioners sustained the determination of the board of supervisors and dismissed the appeal, and the town obtained a writ of certiorari to review the action of the board of tax commissioners, the Appellate Division had no authority to make findings in effect reversing the conclusion of the board of supervisors, affirmed by the board of tax commissioners, and directing that such valuations be made according to certain percentages as therein prescribed, which decision and direction constitute in substance and in fact a reversal of the order of the board of tax commissioners and judgment absolute in favor of the relators. The order of the Appellate Division should be modified by providing, in place of its findings, orders and directions reversing and setting aside the determination of the state board of tax commissioners, and that the proceeding be remitted to that board for a new and further hearing on the merits.

*People ex rel. Town of Hempstead* v. *Tax Comrs.*, 163 App. Div. 803, modified.

(Argued February 25, 1915; decided April 20, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 7, 1914, which modified an order and determination of the state board of tax commissioners dismissing an appeal to that board from the equalization by the board of supervisors of the assessments in Nassau county.

The fact, so far as material, are stated in the opinion.

*Henry A. Uterhart* and *John J. Graham* for town of Oyster Bay, appellant. Under the provisions of section 2141 of the Code of Civil Procedure, the Appellate Division was without power to reverse the determination of

the state board of tax commissioners and order judgment absolute for the relator. (*Lamport* v. *Smedley*, 213 N. Y. 82; *Elliott* v. *Guardian Trust Co.*, 204 N. Y. 212; *Duclos* v. *Kelley*, 197 N. Y. 76; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166; *Dixon* v. *James*, 181 N. Y. 129; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Matter of Hardin*, 97 App. Div. 493; 181 N. Y. 513; *People ex rel. Brown* v. *Metz*, 119 App. Div. 271; *People* v. *Gillette*, 191 N. Y. 107.) The determination of the Appellate Division that the decision of the state board of tax commissioners, dismissing the appeal of the town of Hempstead to that board, was not supported by the evidence, was error. (*People ex rel. Wash. F. I. Co.* v. *Davenport*, 91 N. Y. 574; *People ex rel. A. C. & D. Co.* v. *Wemple*, 129 N. Y. 558; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *People ex rel. Hunt* v. *Priest*, 90 App. Div. 520; 180 N. Y. 532; *People ex rel. Wyatt* v. *Williams*, 17 Abb. [N. C.] 366; *People ex rel. Carter* v. *Williams*, 20 N. Y. Supp. 350; *People ex rel. Supervisors of Monroe* v. *Hadley*, 1 Abb. [N. C.] 441; *People ex rel. Supervisors of Westchester* v. *Hadley*, 76 N. Y. 337; *People ex rel. Supervisors of Chenango* v. *State Assessors*, 22 Wkly. Dig. 453; *People ex rel. Schabacker* v. *State Assessors*, 47 Hun, 450; *People ex rel. Mayor* v. *McCarthy*, 102 N. Y. 630.)

*James L. Dowsey* for town of North Hempstead, appellant. The Appellate Division should not have disturbed the determination of the state board upon the facts in this case and substituted its own opinion for that of the tribunal especially authorized by law to form and declare one. (*Supervisors* v. *Hadley*, 76 N. Y. 339; *Mayor, etc.,* v. *McCarthy*, 102 N. Y. 642.)

*Alfred T. Davison* and *Franklin B. Lord* for respondents. The Appellate Division had the right and power to make findings of fact and end the litigation, and was not required to remit the matter back to the state board of

tax commissioners. (*Lamport* v. *Smedley*, 213 N. Y. 82; *People ex rel. Benjamin* v. *Hillhouse*, 1 Lans. 87; *Leerburger* v. *Watson*, 213 N. Y. 662; *People ex rel. American & Foreign Marine Ins. Co.* v. *Sohmer*, 213 N. Y. 658; *People ex rel. Manhattan R. R. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. N. Y., O. & W. R. R. Co.* v. *Chapin*, 42 Hun, 239; *People ex rel. Groton Co.* v. *Town Board*, 92 Hun, 585.)

· CHASE, J.   It is provided by section 50 of the Tax Law (Chapter 60 of the Consolidated Laws), as amended by chapter 801 of the Laws of 1911, that "The board of supervisors of each county in this state, at its annual meeting, shall examine the assessment rolls of the several tax districts in the county, for the purpose of ascertaining whether the valuations in one tax district bear a just relation to the valuations in all the tax districts in the county; and the board may increase or diminish the aggregate valuations of real estate in any tax district, in accordance with " the rule provided by said statute.

The county of Nassau is composed of three towns, viz., Hempstead, North Hempstead and Oyster Bay. The board of supervisors of Nassau county at its annual meeting in 1911 and on December 22 of that year passed a resolution in which it recited that it had examined the assessment rolls of the three towns and tax districts of the county as required by section 50 of the Tax Law and it thereby fixed and determined the valuation of the several tax districts of the county at the amount as fixed by the board of assessors of the several towns thereof.

An appeal was taken in behalf of the town of Hempstead to the state board of tax commissioners as provided by section 175 of said Tax Law, and in the notice of appeal it was specified that evidence in addition to that submitted to the board of supervisors might be offered before the state board of tax commissioners by either· party.

The state board of tax commissioners after an extended hearing adjudged and determined that the appeal had not been sustained and it was dismissed.

The relators obtained a writ of certiorari to review the action of the state board of tax commissioners, to which a return was duly made. The Appellate Division upon the hearing of said writ and the return thereto, and the papers upon which the writ was granted found as a fact and unanimously decided "that the percentages which the assessed value of the real property in each town [in Nassau County] in 1911, bore to its full value are fifty per cent. for the Town of Hempstead and twenty five per cent. for each of the other two towns in said County."

The effect of such finding was to reverse the conclusion reached by the board of supervisors as to the valuation of said several towns and of the state board of tax commissioners in not sustaining the appeal by the town of Hempstead.

Upon such finding by the Appellate Division that court by its order completely changed the order of the state board of tax commissioners and in some detail directed the course to be pursued by the board of supervisors of Nassau county, including as the important part thereof a direction that said board should at its next annual session "levy upon and cause to be collected by tax in and from the towns of North Hempstead and Oyster Bay, the sum of One hundred one thousand, three hundred eighty-four and eighty-seven hundredths dollars ($101,384.87) together with interest thereon to be computed at the rate of six per centum per annum from the 19th day of July, 1912, until the time of the payment thereof and pay the same or cause the same to be paid to the Town of Hempstead.".

The order of the Appellate Division is called a modification of the order of the state board of tax commissioners but the directions therein constitute in substance and in fact a reversal of such order and a judgment absolute

against the appellants in favor of the relator.   (*People ex rel. Town of Hempstead* v. *Tax Commissioners*, 163 App. Div. 803.)

The Appellate Division in its opinion accompanying said order reviewed to some extent the evidence taken by the state board of tax commissioners and say: " Whether the total real estate values of the town of Hempstead were thus in 1911, forty per cent, forty-six per cent, fifty-three per cent or sixty-nine per cent of the total real estate values of the three towns is a matter difficult to exactly ascertain, and one upon which competent experts might well differ.   *   *   *   Making due allowance for all such considerations, so far as is possible with matters unknown to us, and so not capable of accurate estimation, we nevertheless are unable to conclude, after an examination of the record, that the decision of the State Board is supported by the evidence, or that the percentage of assessed to actual values in these towns were equal for the year in question.   *   *   *   Just what was the ratio between the different percentages mentioned is a matter of great doubt, but it probably was not as much as three to one, as claimed by the appellant.   *   *   *   We accordingly conclude that a ratio of two to one may be considered a fair approximation."   (p. 806.)

The appellants challenge the authority of the Appellate Division to make the order made by it in this proceeding.   The court upon the hearing pursuant to a writ of certiorari " may make a final order, annulling or confirming, wholly or partly, or modifying, the determination reviewed, as to any or all of the parties."   (Code Civil Procedure, section 2141.)   The only questions involving the merits to be determined by the court upon the hearing are,

" 1.   Whether the body or officer had jurisdiction of the subject matter of the determination under review.

" 2.   Whether the authority, conferred upon the body or officer, in relation to that subject matter, has been

pursued in the mode required by law, in order to authorize it or him to make the determination.

" 3. Whether, in making the determination, any rule of law, affecting the rights of the parties thereto, has been violated, to the prejudice of the relator.

" 4. Whether there was any competent proof of all the facts, necessary to be proved, in order to authorize the making of the determination.

" 5. If there was such proof, whether there was, upon all the evidence, such a preponderance of proof, against the existence of any of those facts, that the verdict of a jury, affirming the existence thereof, rendered in an action in the Supreme Court, triable by a jury, would be set aside by the court, as against the weight of evidence." (Code Civil Procedure, section 2140.)

Reading section 2141 in connection with section 2140 which defines the questions which may be determined by the court it seems quite clear that section 2141 is an auxiliary section enacted merely to complete and supplement the jurisdiction conferred by the previous section and to remove a doubt which might be entertained in view of the prior decisions as to the power of the court on certiorari to correct an erroneous adjudication instead of reversing it absolutely.

Reading the two sections together the result is that section 2140 regulates the jurisdiction of the court in respect to the questions to be reviewed and section 2141 the mode in which its determination may be declared and its judgment made effectual. The latter section was not, we think, intended to confer jurisdiction over subjects other than those embraced in section 2140. (*People ex rel. Kent* v. *Board of Fire Commissioners*, 100 N. Y. 82.)

Authority is not given the Appellate Division on certiorari to review the action of the state board of tax commissioners, to determine disputed questions of fact involving the rights of the parties or to grant final judgment upon the facts so found by it. The authority of the

court is expressly defined by said sections 2140 and 2141 of the Code. No question seems to be involved in this case arising upon the first three subdivisions of section 2140. If the court finds in favor of the appellant upon questions involved in subdivisions 4 and 5 of section 2140 and the determination of the state board of tax commissioners is reversed a further hearing may be required to determine disputed questions of fact, and in such case the hearing must be had in the language of the statute by the body which, or the officer who, made the determination reversed, and after the enrollment of the final order of the appellate court is filed as required by sections 2144 and 2145 of the Code of Civil Procedure.

The respondents cite as authority for their claim that the Appellate Division had authority to grant a final judgment in this case *People ex rel. Benjamin* v. *Hillhouse* (1 Lansing, 87); *People ex rel. N. Y., O. & W. R. Co.* v. *Chapin* (42 Hun, 239); *People ex rel. Groton B. & M. Co.* v. *Town Board of Campbell* (92 Hun, 585). In the *Benjamin* case it appeared from the return made by the comptroller that a clear mistake had been made by him in uniting the personal and real property of the town of Watertown in equalizing the assessments of the county, and the court at General Term upon certiorari determined that a rule of law had been violated to the prejudice of the relators and modified the determination of the comptroller by correcting the computation arising from such error of law.

In the *New York, Ontario & Western R. Co.* case the court found as a matter of law that an error had been made in making an assessment in proportion to one main track on a roadbed when it should have been in proportion to several main tracks on a roadbed, and corrected the determination arising from the violation of a rule of law to the prejudice of the relator by a mere matter of calculation and modified the order accordingly.

In the *Groton Company* case the only question involved

was a question of law as to whether a claim of a specified amount which had been disallowed by the town board should be allowed or disallowed. The court found that the claim should have been allowed as a matter of law and modified the order accordingly.

The finding in the case now before us is one of fact and not one of law, and it constitutes an entirely new and final determination of the rights of the parties.

The cases cited by the respondents are not authority for their contention. It is now claimed that section 1317 of the Code of Civil Procedure as amended in 1912 (Laws of 1912, chapter 380) is applicable to this appeal. Section 1317 by its terms only applies to an appeal from a judgment or order. The language of the section is: "Upon an appeal from a judgment or an order, the Appellate Division of the Supreme Court, or Appellate Term, to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties. It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing."

The certiorari heard in the Appellate Division was neither an appeal from a judgment nor an order but an original proceeding in the Appellate Division. Such a hearing in the Appellate Division is not governed by, nor is it within the terms of said section 1317 of the Code of Civil Procedure. The decision in *Lamport* v. *Smedley* (213 N. Y. 82) and other similar decisions are not applicable to this case.

It is also claimed by the respondents that section 2133 of the Code of Civil Procedure which provides: "After

a writ of certiorari has been issued, the time to make a return thereto may be enlarged, or any other order may be made, or proceeding taken, in the cause, in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action, brought in the same court, and triable in the county where the writ is returnable," is authority for directing final judgment by the Appellate Division.

That section of the Code relates to procedure and it is expressly limited to any matter not provided for in the article. Sections 2140 and 2141, from which we have quoted, are sections in the same article with section 2133, and the power of the court upon the hearing is in said sections 2140 and 2141 expressly prescribed.

It is clear from the record that the Appellate Division intended to find that there was such a preponderance of proof against the existence of the facts upon which the board of tax commissioners dismissed the appeal of the town of Hempstead that a verdict of a jury affirming the existence thereof in an action in the Supreme Court would be set aside by that court as against the weight of evidence, and the court should, therefore, have sent the proceedings back to the state board of tax commissioners for a new and further hearing.

The order of the Appellate Division should be modified by providing in place of the findings, orders and directions contained therein that the determination of the state board of tax commissioners, dated June 26, 1913, is reversed and set aside and that the proceeding be remitted to the state tax commission for a new and further hearing on the merits, with costs in this court in favor of the appellants.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, MILLER, CARDOZO and SEABURY, JJ., concur.

Ordered accordingly.