PEOPLE ex rel. UVALDE ASPHALT PAVING CO. v. SEAMAN et al.
(No. 7554.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. MUNICIPAL CORPORATIONS ☞402—STREETS—CHANGE OF GRADE—AWARD OF DAMAGES.

Under Greater New York Charter (Laws 1901, c. 466) § 951, requiring the board of assessors, on a claim for damages to improvements from change of street grade, to receive evidence and testimony of the nature and extent of the injury, and, after taking and considering the said evidence and testimony, to make such award as it may deem proper, the award must be based on such testimony and evidence, and it may not disregard it and base the award on views of the premises by its members.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. ☞402.]

2. MUNICIPAL CORPORATIONS ☞402—STREETS—CHANGE OF GRADE—AWARD—REVIEW.

The board of assessors being, by Greater New York Charter (Laws 1901, c. 466) § 951, created a tribunal to take evidence on a claim for damages from change of street grade, and thereon make an award, its action is judicial, and therefore reviewable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. ☞402.]

3. MUNICIPAL CORPORATIONS ☞402—STREETS—CHANGE OF GRADE—AWARD—REVIEW—CERTIORARI.

The review by the board of revision of assessments of the award of damages by the board of assessors for change of street grade, provided by Greater New York Charter (Laws 1901, c. 466) § 951, is not an appeal, within Code Civ. Proc. § 2122, providing that certiorari cannot issue where the determination can be adequately reviewed by an appeal to a court or to some other body or officer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. ☞402.]

Certiorari by the People, on the relation of the Uvalde Asphalt Paving Company, against Alfred P. W. Seaman and others, composing the Board of Assessors, and William A. Prendergast and others, composing the Board of Revision of Assessments, to review action in making an award for damages for change of grade of streets in the City of New York. Writ sustained, award set aside, and proceedings returned.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Lewis M. Isaacs, of New York City, for relator.
Charles J. Nehrbas, of New York City, for respondents.

INGRAHAM, P. J. The relator is the owner of property on Metropolitan avenue and Varick street, in the borough of Brooklyn, city of

New York, upon which had been erected an asphalt plant in 1904. The grade of Metropolitan avenue was established in 1854 and was changed in 1910; and a claim for damages caused by such change of grade was presented to the board of assessors, who made an award of $2,500, which was confirmed by the board of revision of assessments, and this proceeding is brought to review this award. There was evidence produced by the relator that this change of grade had caused a loss of upwards of $25,000. This evidence was not disputed by the city of New York. The board of assessors by the return stated that they—

"viewed the petitioner's property and the buildings and improvements thereon several times, and they observed the same in relation to the established grade, the surface grade, and the grade as worked, and they took their views and observations into consideration in making their determination."

[1, 2] This proceeding before the board of assessors was under section 951 of the charter of the city of New York (Laws of 1901, c. 466). It is clear that the award of the board of assessors was not at all based on the evidence before it. It must therefore have been made on the individual opinions of the members of the board, based upon their view of the premises. If they were justified in so acting, it is obvious that taking of evidence was useless. Here the board absolutely disregarded the evidence, looked at the property, and then found an arbitrary sum as the damages caused by the change of grade. If the proceeding before the board was judicial in its nature, this, of course, was entirely erroneous. The corporation counsel says in his brief that:

"The corporation counsel has always taken the position that the functions of the board of assessors, under the sections of the charter here in question, are administrative, rather than judicial."

And as he is a member of the board of revision of assessments, he has always deemed it improper to appear before the board of assessors uopn the hearing of claims under section 951 of the charter. This view, it appears to me, does not appreciate the fact that it is not the corporation counsel who is the real defendant in these proceedings, but the city of New York; and that is so whether the damages have to be paid by the city—in which case the money has to be paid by the taxpayers as a whole—or whether they are to be assessed back upon the property holders who are immediately benefited by the improvement of which the change of grade is a part. If the charter vests in this board a duty which is in its nature judicial, in which the board is to take evidence and to determine what, if any, damages the claimant has sustained, and then there is imposed on the city an obligation to pay, either party would have the right to review the exercise of that power by certiorari, unless the statute has provided some other method of review which is exclusive.

Section 951 of the charter provides that after the act takes effect there should be no liability to abutting owners for changing a grade once established by lawful authority, except where the owner of the abutting property has built upon or otherwise improved the property in conformity with such established grade. In such case, damages occasioned by such change of grade are to be ascertained in connection

with and as a part of the expense of grading or otherwise improving the street or avenue in conformity with the grade as changed. In case the grade of any such street shall be changed, and the same shall have been regulated and graded according to the new grade, after the certificate of the cost of such regulating and grading shall have been received by the board of assessors, it shall cause to be published a notice requesting all persons claiming to have been injured by such change of grade to present their claims, specifying a time when the board would receive evidence and testimony of the nature and extent of such injury. "After hearing and considering the said testimony and evidence the board of assessors shall make such awards for such loss and damage, if any, as it may deem proper." And it was provided that the award and the proceedings of the assessors in relation thereto should be subject to review by the board of revision of assessments.

Here the board of assessors are created a tribunal which is required to give notice to the persons who have claims for damages to present their claims. When claims are presented, the board is required to receive evidence and testimony of the nature and extent of such injury; and after taking and considering the said evidence and testimony the board "shall" make such awards for such loss and damage, if any, as it may deem proper. It is clear that the award which the board is required to make is to be based upon "the said testimony and evidence." The board is thus created a tribunal to take evidence, and upon that evidence is required to make an award. This is nothing but a judicial act, to be determined by evidence produced before it. As was said by the Court of Appeals in People ex rel. Hallock v. Hennessy, 205 N. Y. 301, 98 N. E. 516:

"An award in law means a judgment or finding upon a disputed matter submitted for decision. Even a mere estimate of damages is necessarily in the nature of a judicial act, for it requires the finding of a fact through the exercise of judgment upon evidence of some kind."

The nature of this duty imposed upon the board of assessors was therefore judicial. It was to be based upon and after hearing and considering the evidence, and was therefore subject to review. People ex rel. Hallock v. Hennessy, 205 N. Y. 301, 98 N. E. 516; People ex rel. Olin v. Hennessy, 206 N. Y. 33, 99 N. E. 87.

[3] In People ex rel. Rothschild v. Muh, 101 App. Div. 423, 92 N. Y. Supp. 22, affirmed without opinion 183 N. Y. 540, 76 N. E. 1105, after determining that the relator was not entitled to have his claim allowed, because it did not appear that the property had been improved before the grade was changed, I expressed the opinion that, as the statute has provided a means of review by the board of revision of assessments, the writ could not be issued under section 2122 of the Code of Civil Procedure. This view was not concurred in by this court, and was not expressly approved by the Court of Appeals. On further consideration of the question, and in view of what was said by the Court of Appeals in the Hallock and other cases, supra, I am satisfied that this section of the Code of Civil Procedure does not apply. That contemplates a review in a judicial proceeding on an appeal. Where an appeal to a court of justice is allowed, a writ of certiorari is unneces-

sary, for the appeal takes the place of the writ. But such a review as is provided for by section 951 of the charter is not an appeal, within section 2122 of the Code of Civil Procedure. An appeal, as contemplated by that section, would only be upon the "testimony and evidence" taken before the board of assessors. Yet here the assessors have returned to this court in answer to the writ that the award was made on their "view and observation" of the relator's property and the buildings and improvements thereon. . This view and observation of the property and improvements thereon could not have been before the board of revision of assessments, and there was not, therefore, an adequate review provided.

I think, therefore, that the writ should be sustained, the award set aside, and the proceeding returned to the board of assessors, to make an award on the testimony and evidence taken before it, with $50 costs and disbursements to the relator. Settle order on notice. All concur.