THE PEOPLE OF THE STATE OF NEW YORK ex rel. UVALDE
    ASPHALT PAVING COMPANY, Respondent, *v.* ALFRED P.
    W. SEAMAN et al., Composing the Board of Assessors
    of the City of New York et al., Appellants.

Streets — New York (city of) — award for change of grade of a street — method of making such award — review of award by board of revision of assessments — writ of certiorari to review decision of board.

1. An award for a change of grade of a street in the city of New York (Charter § 951;-amd. L. 1912, ch. 483) should be the result of hearing and judicially considering the testimony and evidence

taken by the board of assessors. The review by the board of revision of assessments should be a judicial reconsideration of the testimony and evidence taken by the assessors and of the award made by them thereon. Both proceedings are judicial and not administrative.

2. While the members of the board of assessors are at liberty to view the premises in order to enable them to understand and apply the testimony, their duty is at all times according to the express provision of the statute to hear and consider the testimony and evidence and make such award for the relator's loss and damage, if any, as they shall deem proper, and they may not act on their individual opinions in disregard of the evidence taken by them.

3. As the charter does not provide that the review by the board of revision of assessments shall be final, a writ of certiorari will issue in conformity with the usual practice (Code Civ. Pro. § 2122) to review the determination of the board of assessors and of the board of revision of assessments. (*People ex rel. Hill* v. *Supervisors of Wayne Co.*, 49 Hun, 476; *People ex rel. Del., L. & W. R. R. Co.* v. *County Court, Onondaga Co.*, 152 N. Y. 214, distinguished.)

*People ex rel. Uvalde A. P. Co.* v. *Seaman*, 168 App. Div. 870, affirmed.

(Argued November 18, 1915; decided January 25, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department entered July 19, 1915, sustaining a writ of certiorari and setting aside an award theretofore made by the board of assessors of the city of New York in change of grade damage proceedings and returning the proceedings to said board with instructions to make an award upon the evidence and testimony taken by it.

The following questions were certified:

"1. Did the Supreme Court have jurisdiction to issue the writ of certiorari herein to review the determination of the relator's claim for damages by the board of assessors of the city of New York and the board of revision of assessments?

"2. Did the Appellate Division of the Supreme Court in the first department have jurisdiction in this proceed-

ing to set aside the determination of the relator's claim for damages by the board of assessors of the city of New York and the board of revision of assessments of the city of New York ? "

The facts, so far as material, are stated in the opinion.

*Lamar Hardy, Corporation Counsel* (*Charles J. Nehrbas* and *Terence Farley* of counsel), for appellants. A writ of certiorari will not lie to review the determination here sought to be reviewed. (*People ex rel. Rothschild* v. *Muh*, 101 App. Div. 423; 183 N. Y. 540; *People ex rel. Benedict* v. *Dennison*, 28 Hun, 328; *People ex rel. Hill* v. *Supervisors*, 49 Hun, 476; *People ex rel. R. R. Co.* v. *County Court*, 152 N. Y. 214; *People ex rel. Walrath* v. *O'Brien*, 112 App. Div. 97; *Heiser* v. *Mayor, etc.*, 104 N. Y. 68.)

*Lewis M. Isaacs* for respondent.   The functions of the board of assessors in making awards under section 951 of the charter are judicial in nature and character. (*People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301; *People ex rel. Olin* v. *Hennessy*, 206 N. Y. 33; *People ex rel. Heiser* v. *Gilon*, 121 N. Y. 551; *Matter of Fitch*, 147 N. Y. 334; *People ex rel. Dean* v. *Bd. of Assessors*, 59 Hun, 407.)   Since the action of the board of assessors in making an award in the case at bar was judicial in its nature they were not authorized to disregard the evidence or to travel outside of the record, but were obliged to base their determination upon that record alone. (*People ex rel. City* v. *Stillings*, 138 App. Div. 168; *People ex rel. Dean* v. *Bd. of Assessors*, 59 Hun, 407; *Burchard* v. *State*, 128 App. Div. 750; *Burrell* v. *City of New York*, 164 App. Div. 245.)   The charter provisions directing the board of assessors to "receive evidence and testimony " and "after hearing and considering said testimony and evidence " to make an award, impose upon that board the obligation to make an award

upon the evidence alone. (*People ex rel. Davidson* v. *Gilon,* 126 N. Y. 147; *Matter of Cruger,* 84 N. Y. 619; *Poople ex rel. Stephens* v. *Phillips,* 88 App. Div. 560.)

CHASE, J.   The grade of Metropolitan avenue in the borough of Brooklyn, city of New York, was established in 1854.   The relator purchased real property abutting on said avenue in 1903 and in 1904, and built upon and otherwise improved said real property in conformity with the established grade . thereof.   In 1910 the grade of said avenue was changed and the relator's buildings and improvements were damaged thereby.   The relator presented its claim for damages in writing as provided by section 951 of the charter of the city of New York. (Charter of the City of New York as amended by Laws of 1912, chap. 483.)   At the time and place specified by the board of assessors " evidence and testimony " offered by the relator of the nature and extent of its injuries was received, by which evidence and testimony it appeared that the relator was damaged to an amount exceeding $25,000.   No evidence or testimony was offered or received on behalf of the city.   The board of assessors then awarded the relator for its loss and damage the sum of $2,500.

It appears from the return of the defendants to the writ that " The board of assessors viewed the petitioner's property and the buildings and improvements thereon several times, and they observed the same in relation to the established grade, the surface grade and the grade as worked, and they took their views and observations into consideration in making their determination."

The report of the board of assessors was submitted for review to the board of revision of assessments of the city of New York, and it also appears from the return to the writ that the board of revision of assessments met and at a hearing before said board the members of the board of assessors were present and " Did state in answer to

inquiries made by members of the board of revision of assessments that the board of assessors had viewed the petitioner's premises several times and that in determining the amount of damages sustained by the petitioner they took into consideration their personal view of the petitioner's premises."

The board of revision of assessments overruled . the objections of the relator to the award for damages to its property and confirmed the same. This writ of certiorari was then obtained on the petition of the relator directed to the board of assessors, and to the board of revision of assessments of the city of New York.

Section 951 of the charter, so far as it relates to the proceedings of the assessors and to a review of the proceedings of the assessors by the board of revision of assessments, is as follows: "After hearing and considering the said testimony and evidence (testimony and evidence of the nature and extent of the injury to the owner of the abutting lands) the board of assessors shall make such awards for such loss and damage, if any, as it may deem proper. The amount of the said awards shall be included in the assessment for the regulating and grading of the street in question, as a part of the expense thereof, and the said award, and the proceedings of the assessors in relation thereto, shall be subject to review by the board of revision of assessments."

The award should be the result of hearing and judicially considering the testimony and evidence taken by the board of assessors. The review by the board of revision of assessments should be a judicial reconsideration of the testimony and evidence taken by the assessors and of the award made by them thereon. Both proceedings are judicial and not administrative. (*People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301; *People ex rel. Olin* v. *Hennessy*, 206 N. Y. 33.)

We agree with the opinion of the Appellate Division that the award herein made by the assessors and con-

firmed by the board of revision of assessments, was based
upon the individual opinions of the members of the board
of assessors in disregard of the testimony and evidence
taken by them.  The members of the board of assessors
were at liberty to view the premises in order to enable
them to understand and apply the testimony (*People ex
rel. Olin* v. *Hennessy,* 159 App. Div. 814), but their duty
was at all times according to the express provision of the
statute (Charter of the City of New York, § 951) to hear
and consider the testimony and evidence and make such
award for the relator's loss and damage, if any, as they
should deem proper.

The defendants, however, insist that the writ of cer-
tiorari will not lie to review the action of said boards,
because the review by the board of revision of assess-
ments is a review of the assessment by a body that can
adequately review the same.  (Code Civil Procedure,
§ 2122.)  It is conceded as shown by the statement of the
corporation counsel (one of the board of revision) in the
court below (*People ex rel. Uvalde Asphalt Pav. Co.* v.
*Seaman,* 168 App. Div. 870) that the board of assessors
and the board of revision of assessments have treated
their duties in awarding damages for change of grade as
administrative and not judicial.  Each board in com-
plete disregard of its duty as a judicial body made an
award that was not reached in substantial compliance
with the statute.  Their determination and the deter-
mination of each of them was wholly arbitrary.  Such
arbitrary action is in substance and effect illegal.  The
relator has not had, and cannot have, a judicial review of
the assessment or an adequate review of the proceeding
before either board within the meaning of the statute
unless the writ of certiorari is sustained.  It should be
sustained upon the facts herein disclosed.

The charter does not provide that the review by the
board of revision of assessments shall be final.  Where a
statute prescribes that a specified determination shall be

final and conclusive it is a bar as well to a review by common-law certiorari as by appeal. (*People ex rel. Schuylerville & U. H. R. R. Co.* v. *Betts,* 55 N. Y. 600; *People ex rel. Bailey* v. *Sherman,* 15 Hun, 575; *People ex rel. Walrath* v. *O'Brien,* 112 App. Div. 97.)

And the writ of certiorari will not ordinarily issue until the remedy by statute has been exhausted. (*People ex rel. Stevenson* v. *Gilon,* 36 N. Y. S. Rep. 1004; *People ex rel. Martin* v. *Gilon,* 37 N. Y. S. Rep. 645; *People ex rel. Depew & S. W. R. R. Co.* v. *Bd. R. R. Commissioners,* 4 App. Div. 259; *People ex rel. Benedict* v. *Dennison,* 28 Hun, 328; *People ex rel. Hill* v. *Supervisors of Wayne Co.,* 49 Hun, 476; *People ex rel. Mayor, etc., of N. Y.* v. *Nichols,* 79 N. Y. 582; *People ex rel. Cuyler* v. *Trustees Village of Palmyra,* 3 Hun, 549; *People ex rel. Noble* v. *Board of Commissioners of Pilots,* 37 Barb. 126.) The courts have, however, frequently reviewed by certiorari the determination of inferior tribunals and officers acting judicially in review of some other tribunal or officer and section 2122 of the Code of Civil Procedure has in effect been many times construed to authorize such review by certiorari after the review provided by statute has been had. Such a writ has been frequently upheld in the review of the determination of the state assessors or state board of tax commissioners of the equalization of assessments by supervisors.

It is made the duty of the board of supervisors of each county in the state at its annual meeting to examine the assessment rolls of the several tax districts in the county and equalize the valuations of real property in the several tax districts as in the statute provided for the purpose of justly distributing the tax to be levied thereon. (Tax Law [Cons. Laws, ch. 60], §§ 50 and 58.)

Any supervisor may appeal in behalf of the town, city or ward which he represents to the state board of tax commissioners from the equalization of assessments made by such board of supervisors and provision is

made in the statute for the conduct of such an appeal (Tax Law, §§ 175, 176), but it is not in terms made exclusive.

In *People ex rel. Hill* v. *Supervisors of Wayne Co.* (49 Hun, 476) a certiorari obtained by Hill as supervisor to review the action of the board of supervisors of Wayne county in the equalization of assessments was quashed because it was held that the determination of the board of supervisors could be adequately reviewed by an appeal to the state assessors. The state assessors were another body within the terms of section 2122 of the Code of Civil Procedure. That case is called to our attention by the appellants as authority for their contention in this case. It has never, so far as we are aware, been questioned as an authority, but the decision rests upon the fact that the certiorari was obtained in advance of an appeal to the state assessors as provided by the statute, and the following, among other reported cases, show that a review by certiorari is permitted after an appeal to some body or officer permitted by statute has been taken. (*People ex rel. Bd. Supervisors, Westch. Co.* v. *Hadley,* 76 N. Y. 337; *People ex rel. Schabacker* v. *State Assessors,* 47 Hun, 450; *People ex rel. Mayor, etc., of N. Y.* v. *McCarthy,* 102 N. Y. 630; *People ex rel. Supervisors of Chenango* v. *Board of Assessors,* 22 Weekly Digest, 453; *People ex rel. Hunt* v. *Priest,* 90 App. Div. 520; *S. C.,* 180 N. Y. 532; *People ex rel. Carter* v. *Williams,* 48 N. Y. S. R. 207; *People ex rel. Town of Hempstead* v. *State Board Tax Commissioners,* 214 N. Y. 594.)

The appellants also call to our attention *People ex rel. Del., L. & W. R. R. Co.* v. *County Court, Onondaga Co.* (152 N. Y. 214). In that case the certiorari was to review an order made by the County Court affirming the report of commissioners to determine upon the necessity of laying out a highway. As an appeal could be taken from the order of the County Court, the writ of certiorari was properly dismissed.

The order of the Appellate Division should be affirmed, with costs, and the questions certified answered, in the affirmative.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Order affirmed, etc.