242   People ex rel. Globe Const. Co., Inc., *v*. Ormond.

Second Department, December, 1917.            [Vol. 181.

The People of the State of New York ex rel. Globe Construction Company, Inc., Respondent, *v*. William C. Ormond and Others, Constituting the Board of Assessors of the City of New York, Appellants.

Second Department, December 29, 1917.

**Municipal corporations — damages caused by change of street grade, city of New York — amendment to section 951 of charter making decision of board of revision conclusive — award cannot be reviewed by certiorari — failure to appeal to board of revision.**

Since section 951 of the Greater New York charter was amended by chapter 516 of the Laws of 1916, which expressly provides that a party interested in an award made for damages caused by a change of street grade may appeal to the board of revision of assessments and that the determination of said board shall be final and conclusive, an award made to an abutting owner by the board of assessors cannot be reviewed by writ of certiorari.

The issuance of the writ cannot be justified upon the ground that the property owner has never taken the statutory appeal to the board of revision, for in such case he has not exhausted his legal remedy and certiorari ordinarily will not issue until the statutory remedy has been exhausted.

Appeal by the defendants, William C. Ormond and others, as assessors, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 9th day of June, 1917, denying a motion to dismiss a writ of certiorari.

On March 2, 1916, the board of assessors of the city made an award to relator of $824 for damages caused to the property owned by relator, by a change of grade of Bay Thirty-fourth street. The relator objected to the award, and such objections were heard by the board, which overruled the objections and transmitted the matter to the board of revision of assessments, which, on March 2, 1917, confirmed the award. The relator was notified of a hearing before the board of revision, but did not attend, and on the 19th day of April, 1917, sued out the writ of certiorari. Thereafter the defendants moved to dismiss the writ, the motion was denied and the defendants appealed.

*Charles J. Nehrbas* [*Lamar Hardy, Corporation Counsel,* and *Terence Farley* with him on the brief], for the appellants.

*Raymond Gilleaudeau,* for the respondent.

BLACKMAR, J.:

At common law the owner of abutting property, which was damaged by a change of grade of the street, had no remedy. However, the Legislature, recognizing the injustice of this rule, has provided that such damages shall be compensated. No right of action is given therefor against the city which does the grading; but a method is provided for furnishing compensation by devoting thereto the unearned increment of value of property benefited by change of grade through an assessment thereon. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 951, as amd. by Laws of 1916, chap. 516.) Upon the board of assessors this statute casts the power and duty both to judicially determine on evidence considered in the light of a view, the amount of such damage, and to levy such amount by way of assessment upon property which it determines is benefited by the grading. Any party interested in an award, or the city, may appeal to the board of revision of assessments, whose decision is made by the statute final and conclusive. We believe the statute is so worded as to preclude any review by the courts.

Before the enactment of the amendatory law (Laws of 1916, chap. 516) there was no provision that the determination of the board of revision should be final and conclusive, and the Court of Appeals held, in *People ex rel. Uvalde A. P. Co.* v. *Seaman* (217 N. Y. 70), that a party having exhausted his remedy by appealing from the award of the board of assessors to the board of revision, was entitled to his writ of certiorari. In deciding the *Uvalde* case the court laid stress upon the fact that the charter did not provide that the determination of the board of revision should be final, saying: " Where a statute prescribes. that a specified determination shall be final and conclusive it is a bar as well to a review by common-law certiorari as by appeal." Undoubtedly it was in view of this decision, and to accomplish the result suggested, that chapter 516 of the Laws of 1916 was enacted.

But the respondent claims that the appeal has never been

taken to the board of revision, and, therefore, there is no decision of the board to conclude it. Whether, under the facts in the case, the proceedings taken pursuant to section 950 of the charter, of which it had notice, is equivalent to an appeal by the city, so that the decision of the board of revision has the statutory effect of concluding the matter, it is not necessary to decide. If there has been no such appeal and final determination, the respondent has not exhausted its remedy under the act. It was said in the *Uvalde* case (p. 76): "The writ of certiorari will not ordinarily issue until the remedy by statute has been exhausted." (See cases there cited.) We think that doctrine should be applied in this case in order to fulfill the evident intent of the Legislature that the procedure prescribed in the act should be final and exclusive of any other remedy. If the relator has not exhausted its remedy under the act, it cannot appeal to the courts and so substitute a review by the court in place of that provided by the statute. If it has exhausted its remedy, the determination of the board of revision concludes it.

We do not think that the fact that the corporation counsel, the legal adviser of the city of New York, is a member of the board of revision (Charter, §§ 255, 944; Id. § 255, as since amd. by Laws of 1917, chap. 602), nullifies the amendment of 1916, which makes the determination of that board conclusive. It must be borne in mind that the relator's claim is not against the city. Its claim is satisfied from the avails of an assessment for benefits. The city is the agency for collecting the assessments and paying the awards. It, therefore, has an interest in the regularity and legality of the proceedings, so that the assessment will supply the funds to pay the awards; but its interests are not hostile to the relator. The Legislature has confided to officials of the city the administration of the law, and the rights of relator are derived from the law and have no existence independent of its operation.

I recommend: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

JENKS, P. J., THOMAS, STAPLETON and RICH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.