Scileppi, J.
(dissenting in part). We agree with the majority’s holding that Special Term’s award of $1,724,714 for the improvements on the land should be reinstated. We disagree, however, with the majority’s position that the land award of $2,614,175 is supported by substantial evidence.
If stadium use is the most advantageous use to which the Polo Grounds can be put, it follows that the Coogans are entitled to be compensated for the land at a value calculated according to that use (Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, affd. 279 N. Y. 656; Matter of City of New York [Inwood Hill Park], 230 App. Div. 41, affd. 256 N. Y. 556). Mr. McCann was the only expert who testified on the value of the land for stadium purposes. He appraised the land at $3,950,000 or $5.28 per square foot. Special Term found the highest and best use to be stadium use, but for some inexplicable reason awarded only $3.50 per square foot. In our opinion, the lower courts erred in placing this value on the land. Chief Judge Fuld stated the rule when he wrote for this court in Matter of City of New York (A. & W. Realty Corp.) (1 N Y 2d 428): “ While we recognize that a trier of facts is not bound by opinion testimony, even when uncontradicted (see Commercial Cas. Ins. Co. v. Roman, 269 N. Y. 451, 456), that does not mean that findings may be made in a valuation case, predicated solely and simply on the subjective judgment of judge or court, without any basis in the evidence. Awards higher or lower than the estimates of any of the opposing witnesses have been sustained where made by commissioners *630 who were by statute authorized to act ‘ upon information received otherwise than by testimony given on the hearings. ’ (Matter of City of New York [East 161st St.], 159 App. Div. 662, 666.) The right, possessed by a judge or other trier of fact, to view the premises is sometimes given as an added justification for the power to disregard all the expert testimony. (See Matter of City of New York [East 161st St.], supra, 159 App. Div. 662.) However, we have expressly held that, where the proceeding is brought under a statute which limits , the trier of fact to a judicial consideration of the evidence, the function of the view is merely to enable him to understand and apply the testimony and not to act on his individual opinion in disregard of the evidence presented. (See People ex rel. Uvalde Asphalt Paving Co. v. Seaman, 217 N. Y. 70, 74 — 75; Matter of Gilbert, 176 App. Div. 850. And compare People ex rel. Olin v. Hennessy, 159 App. Div. 814, 817, with Matter of City of New York [East 161st St.], supra, 159 App. Div. 662, 666-667.)
“ In a case such as the one before us, there can be no doubt that the trial court, and the Appellate Division as well, are bound by the testimony in the record. (Administrative Code of City of New York, § B 15-19.0; see People ex rel. Uvalde Asphalt Paving Co. v. Seaman, supra, 217 N. Y. 70, 74.) This does not mean, however, that an award may never be higher or lower than the experts’ estimates of value; it is only requisite that there be evidence at hand to support the value actually found by the court. If, for instance, on the day before the taking the property had been purchased for a price below the lowest figure suggested by the City, and if other testimony were present establishing the sale as a fair indication of value, a court would be warranted in selecting a figure lower than that given by the expert. It is not, though, ‘ at liberty to find an arbitrary sum not sustained by any evidence in the record. ’ (People ex rel, Hallock v. Hennessy, 152 App. Div. 767, 770.) ” (Matter of City of New York [A. & W Realty Corp.], supra, pp. 432-433; see, also, Matter of City of New York [West Ave.], 27 A D 2d 539; Melander v. State of New York, 26 A D 2d 748; Fredenburgh v. State of New York, 26 A D 2d 966; Stiriz v. State of New York, 26 A D 2d 964; Triple Cities Shopping Center v. State of New York, 26 A D 2d 744; Dennis v. State of *631 New York, 24 A D 2d 924; Matter of City of New York [Kramer Reatty Corp.], 16 A D 2d 148, affd. 12 N Y 2d 1094.)
The Appellate Division was of the opinion that McCann’s appraisal was not acceptable because he was a disinterested witness and because, at his valuation, the rental income accruing to the Coogans was less than a 2% return on their investment. The Appellate Division went on to hold (26 A D 2d 372, 375) that there were only two explanations for this meager return. “ [E]ither the tenant was paying less than a third of the proper rental in a situation where the landlord owned one of the very few properties large enough to accommodate the tenants’ enterprise, or the appraisal figure is grossly exaggerated. The latter view is virtually compelled by the facts ”,
The majority of this court is apparently in complete agreement with this reasoning and has adopted it as its own.
In our opinion, the Appellate Division’s reasoning leaves much to be desired. The fact that McCann was a disinterested witness should lend more weight to his testimony, not less. Furthermore, there is no evidence in the record to support the Appellate Division’s finding that McCann’s appraisal was grossly exaggerated. No one, not even the city, ever contended that the net rental of the land was indicative of its value. The long-term lease between the Coogans and the Giants was entered into in 1932 during a severe economic depression. The rental agreed to in those times cannot possibly be considered a fair rental by 1961 standards.
Assuming, arguendo, that McCann’s testimony was grossly exaggerated and unacceptable, the land award of $3.50 per square foot should not be affirmed. There is no evidence in the record to support such a finding. The holding of A. & W. Beatty {supra) is that, while expert testimony of valuation need not be accepted, the valuation which is adopted must be supported by the evidence and not merely speculative.
The majority takes the position that the land award of $3.50 per square foot is supported by substantial evidence because it is within the range of competing appraisals of value testified to by the experts — the highest appraisal being $7 per square foot for housing and the lowest being $2.64 per square foot for industrial use. This position is untenable. The fact of the matter is that there was just one appraisal for stadium *632 purposes — that of $5.28 per square foot. If that appraisal is rejected, there is no other evidence in the record to support any award for the land based upon a highest and best use for stadium purposes. Appraisals for uses other than the one found to be the highest and best use cannot support an award for the use which is the highest and best use (Stiriz v. State of New York, supra).
The majority also takes the position that the basis for the acceptance of Special Term’s valuation is “ logically developed ” by the Appellate Division in its opinion. We cannot subscribe to that view. The Appellate Division’s opinion is as laconic as Special Term’s with respect to the basis of the land award of $3.50 per square foot. The portion of the Appellate Division’s opinion upon which the majority relies merely states that court’s reasons for rejecting McCann’s testimony. It refers to no evidence in the record which could possibly support Special Term’s award nor does it give any reasons for accepting that award.
Thus, in our opinion, there is absolutely no evidence in the record to support an award of $3.50 per square foot. Indeed, since McCann’s appraisal has been rejected, there is no evidence in the record to support any award for the land based upon the highest and best use for stadium purposes. The matter, therefore, should be remanded to Special Term for the taking of additional evidence on the value of the land for stadium purposes.